# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2012

No. 11-70031

Lyle W. Cayce
Clerk

RAMIRO RUBI IBARRA,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.
EDITH H. JONES, Chief Judge:

The court has considered Ramiro Rubi Ibarra's application for a Certificate
of Appealability ("COA") from the district court's denial of habeas relief following
his capital murder conviction. The issues he raises concerning mental
retardation, ineffective trial counsel and breach of the Vienna Convention on
Consular Relations were rejected by the district court in terms that are not
debatable among reasonable jurists. We therefore DENY the application.

## Background

The district court ably detailed the facts of this case; we recite them only
as material here. Ramiro Rubi Ibarra ("Petitioner"), an illegal alien, brutally

No. 11-70031

raped, sodomized,  and strangled 16-year-old Maria De La Paz Zuniga.  Forensic and eyewitness evidence quickly led to Petitioner's arrest and indictment, but a technicality prevented police from obtaining a necessary warrant for his blood and hair samples, permitting him to escape justice for nearly a decade.  A change in Texas law allowed police to obtain the requisite warrant, and DNA analysis matched Petitioner to the crime.  He was indicted, tried, found guilty, and sentenced to death.

At the punishment phase of trial, the jury heard evidence that Petitioner sodomized his eight-year-old nephew and threatened to kill the boy if he told anyone.  The jury also heard evidence that he molested his nephew on other occasions.  Petitioner's sister-in-law testified that there was some indication he had abused her son.  It heard testimony from his sometime paramour Maria Luna Diaz that Petitioner had beaten and sexually assaulted her, including once forcing her to undress at knifepoint and threatening to kill her if she disobeyed him.  She testified that he threatened to strangle her, wrapped a wire around her neck, and pushed her down, releasing her only when she begged for her life. Diaz's daughter testified that Petitioner touched her breast inappropriately when she was eleven years old; she told her mother, who confronted Petitioner and was rewarded with a beating.  Petitioner had been previously convicted for unlawfully carrying a weapon and driving while intoxicated.  Further, Ibarra misbehaved while in prison:  he masturbated in public view, attempted suicide, fought another inmate, feigned unconsciousness, and was generally uncooperative.

Petitioner's wife, Maria Gandera Ibarra, testified on his behalf, but admitted on cross-examination that he beat her several times, including when she was pregnant.  She also testified that he brought an 18-year-old girl from Mexico to live with them; although Petitioner said that she was his daughter, he kissed her on the mouth and spent hours alone with her in a bedroom behind

closed doors. A psychiatrist testified for the state that in his expert opinion, an offender with Petitioner's history and sexual proclivities would constitute a continuing threat to society.

Petitioner's sentence and conviction were affirmed on direct appeal. *See Ibarra v. State of Texas*, 11 S.W.3d 189 (Tex. Crim. App. 1999), *reh'g denied* (Dec. 8, 1999), *cert. denied*, *Rubi Ibarra v. Texas*, 531 U.S. 828, 121 S. Ct. 79 (2000). His first state habeas corpus petition was denied. *Ex parte Ibarra*, No. WR-48832-01 (Tex. Crim. App. Apr. 4, 2001). Petitioner then submitted his federal habeas petition, which was stayed while he exhausted additional state court claims pursuant to *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002), which banned the execution of the mentally retarded. His petition was stayed further while he pursued state court claims following President Bush's announcement that the United States would have state courts give effect to an International Court of Justice opinion declaring that Mexican nationals were entitled to review and reconsideration of their convictions due to states' failure to comply with the Vienna Convention on Consular Relations ("VCCR"). *See The Case Concerning Avena and Other Mexican Nationals (Mex. v. U.S.) ("Avena")*, 2004 I.C.J. 12 (Judgment of Mar. 31). *See also Medellin v. Texas*, 552 U.S. 491, 128 S. Ct. 1346 (2008).

The Texas Court of Criminal Appeals remanded Petitioner's *Atkins* claim to the trial court for an evidentiary hearing. The trial court determined that Petitioner was not mentally retarded, and this holding was adopted on appeal by the Court of Criminal Appeals ("CCA"). In the same order, the CCA dismissed his separate petition for relief under *Avena* as a subsequent writ under Article 11.071, Section 5 of the Texas Code of Criminal Procedure. *Ex parte Ibarra*, Nos. WR-48832-02 and WR-48832-03, 2007 WL 2790587, (Tex. Crim. App. Sept. 26, 2007). Petitioner's application for certiorari on his *Avena* claim was denied. *Ibarra v. Texas*, 553 U.S. 1055, 128 S. Ct. 2475 (2008). A

No. 11-70031

*fourth* state habeas petition, raising a claim under *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527 (2003), was also dismissed by the CCA as a subsequent writ. *Ex parte Ibarra*, No. WR-48832-04, 2008 WL 4417283 (Tex. Crim. App. Oct. 1, 2008).

Petitioner's federal habeas petition asserted eleven grounds for relief, all of which were rejected by the district court. Petitioner seeks a COA to challenge three of those claims. First, he seeks a COA regarding his *Atkins* claim that he is mentally retarded. The district court concluded that Petitioner's claim was not exhausted and procedurally barred to the extent that he presented "material additional evidentiary support to the federal court that was not presented to the state court." *Lewis v. Quarterman*, 541 F.3d 280, 285 (5th Cir. 2008) (emphasis omitted) (quoting *Dowthitt v. Johnson*, 230 F.3d 733, 745 (5th Cir. 2000)). Based on the record before the state court, the district court alternatively found that Petitioner was not retarded. Second, Petitioner seeks a COA regarding his *Wiggins* claim that counsel was ineffective at sentencing. The district court held that this claim was procedurally defaulted and, alternatively, that the claim was without merit, principally because Petitioner could not demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Finally, Petitioner seeks a COA regarding his VCCR claims. The district court also held this claim procedurally defaulted, but found in the alternative that it was meritless, because Petitioner could not demonstrate prejudice.

## Standard for a Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2253(c)(2), a prisoner requesting a COA must make "a substantial showing of the denial of a constitutional right." This standard is met when a petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

No. 11-70031

*Druery v. Thaler*, 647 F.3d 535, 538 (5th Cir. 2011) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003)). In determining this issue this court "view[s] the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000). Where a state court decision was reviewed on the merits, we defer to the state court's decision regarding that claim unless the decision is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . [is] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Druery*, 647 F.3d at 538 (quotation marks and citation omitted).

Where the district court has denied a claim on procedural grounds, a COA will issue only if the petitioner demonstrates both that jurists of reason might debate whether his petition states a substantial showing of the denial of a constitutional right *and* "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

### Discussion

We address each of Ibarra's claims in turn: his *Atkins* claim, his *Wiggins* claim, and his VCCR claim.

### A. Atkins claim.

Petitioner claims he is mentally retarded and therefore, under *Atkins*, may not be subjected to the death penalty. To establish that he falls under *Atkins*, Petitioner must demonstrate that he possesses significantly subaverage intellectual functioning and impaired adaptive functioning, both of which manifested before the age of 18. *See Lewis v. Quarterman*, 541 F.3d 280, 283 (5th Cir. 2008); *see also Atkins*, 536 U.S. at 308 n.3, 122 S. Ct. at 2245 n.3.

5

No. 11-70031

At the state court evidentiary hearing regarding his *Atkins* claim, he presented essentially no supporting evidence. He attempted to introduce his expert Dr. Romey's opinion in the form of an affidavit, but the affidavit was not notarized and was thus inadmissible. He also introduced the affidavit of defense investigator Yuriria Santin, who detailed facts she had discovered regarding Petitioner's alleged early adaptive deficits. In the (federal) district court, Petitioner attempted to introduce new evidence, including the authenticated expert report and affidavits from his family and childhood teacher, none of which was a part of the state court record. On this basis, the district court concluded that Petitioner had failed to exhaust his claim, as required by 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]").

Prior to the Supreme Court's decision in *Cullen v. Pinholster*,131 S. Ct. 1388, 1398 (2011), this court held that the exhaustion requirement is not satisfied where a petitioner "presents *material* additional evidentiary support in the federal court that was not presented to the state court." *Lewis v. Quarterman*, 541 F.3d 280, 285 (5th Cir. 2008) (emphasis in original) (citations omitted). "Evidence is material if it fundamentally alters, not merely supplements, the claim presented in state court." *Id.* at 285-86 (emphasis omitted). Petitioner observes that essentially all of the allegations regarding his unfortunate childhood now presented in affidavits from family members and his childhood teacher were originally admitted to the district court in the affidavit of his investigator, and thus argues that the issue was exhausted, because its presence in the form of affidavits from family members does not "fundamentally alter[] . . . the claim presented in state court." *Id.*

No. 11-70031

We are inclined to agree with the district court that the evidence Ibarra offered to bolster his *Atkins* claim in federal court, which included an admissible affidavit of his psychologist in addition to numerous other affidavits, was essential to his claim of mental retardation.  Even if there were a debatable issue about the scope of exhaustion based on *Lewis*, however, *Cullen* resolves the issue in favor of the state.  By disallowing federal courts (with few exceptions) from considering additional evidence not developed in the state court record, *Cullen* necessarily rules out the use of such proffered evidence to flesh out claims inadequately presented to the state courts.  The federal district court therefore properly disregarded this newly proffered evidence.

Moreover, jurists of reason could not find debatable the *alternative* ground for disposition offered by the district court, that even if Petitioner's claim is exhausted, his claim was meritless.  When evaluating the merits of a claim for habeas relief from a state court judgment, federal courts must employ only the record before the state court.  *Cullen*, 131 S. Ct. at 1398 (limiting consideration of relief under 28 U.S.C. 2254(d)(1) to the state-court record).  *See also* 28 U.S.C. § 2254(d)(2) (contemplating relief based on an "unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*" (emphasis added)).  Critically, the record before the state court hearing Ibarra's claim of mental retardation did not include the expert affidavit that could have served as some evidence of his sufficiently low IQ, and Petitioner offers no excuse for his failure to render this affidavit admissible.  The state court had before it the affidavit from Ibarra's investigator, concerning his allegedly inhibited adaptive functioning from a young age, and the opinion of Dr. Stephen Mark, a witness for the state who found no evidence of mental retardation when he evaluated the Petitioner on two occasions.  On this record, it is impossible to conclude that the state courts' rejection of the *Atkins* claim based on the facts presented to them was unreasonable, as required by § 2254(d).

No. 11-70031

Additionally, relying on *Rivera v. Quarterman*, 505 F.3d 349 (2007), Petitioner argues that AEDPA deference is inappropriate here, because the state courts did not afford him adequate opportunity to develop his claim. *Rivera* held that "where a petitioner has made a prima facie showing of retardation . . . the state court's failure to provide him with the opportunity to develop his claim deprives the state court's decision of the deference normally due." *Id.* at 358; *see also Panetti v. Quarterman*, 551 U.S. 930, 948, 127 S. Ct. 2842, 2855 (2007) (holding that as a result of failure to provide process, review of competency claim was "unencumbered by the deference AEDPA normally requires"). *Rivera* does not apply here. *Rivera* dealt with a state court decision that dismissed the petitioner's *Atkins* claim on its face for failure to establish a prima facie case of mental retardation. *Rivera*, 505 F.3d at 352. But, as *Rivera* noted, 505 F.3d at 359, "states retain discretion to . . . define the manner in which habeas petitioners may develop their claims." *Blue v. Thaler*, 665 F.3d 647, 657 (5th Cir. 2011). The state provided Petitioner an opportunity for a hearing, and supplied him with $7,500, and over three years elapsed (between the filing of his *Atkins* habeas claim and the September 18, 2006 hearing on his claim of mental retardation) to develop his claim. Ibarra was represented by counsel during this time. Petitioner's failure to present Dr. Romey's affidavit in admissible form is surely not attributable to the relatively short notice on which the actual hearing date was set, nor to the state court's failure to grant even more thousands of dollars for Petitioner to develop his claim. The narrow circumstances described in *Rivera* are not applicable here, where a hearing was held and Petitioner was assisted by counsel, was granted extensive funds, was given extensive time, and even had at his disposal the Mexican consulate.

## B. *Wiggins* claim.

Petitioner argues that his trial counsel was ineffective in his investigation, development, and presentation of mitigation evidence, as well as the

8

No. 11-70031

development of rebuttal evidence for the state's aggravating factors at sentencing.  He claims this deficiency merits relief under *Wiggins v. Smith*, 539 U.S. 510, 522-23, 123 S. Ct. 2527, 2536 (2007) (holding that lack of a "reasonable investigations" of mitigating evidence may constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct 2052 (1984)).  The district court found this claim procedurally defaulted, because it was dismissed by the Court of Criminal Appeals in a succinct order for failing to meet the criteria for a successive petition.  Alternatively, the district court found the claim meritless, because even if Petitioner could demonstrate deficiency in his trial representation, he could not demonstrate prejudice.  To obtain a COA, as noted, Petitioner must show that reasonable jurists could disagree regarding the district court's disposition.  *Skinner v. Quarterman*, 528 F.3d 336, 340-41 (5th Cir. 2008) (quoting *Miller-El*, 537 U.S. at 336, 338, 123 S. Ct. at 1029).

Federal courts cannot reach the merits of a habeas claim if the state court denied relief on an adequate and independent state law ground.  *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991).  To be adequate, a state rule must be "firmly established and regularly followed."  *James v. Kentucky*, 466 U.S. 341, 348, 104 S. Ct. 1830, 1835 (1984).  A state court's ground for judgment is not independent if it "depends on a federal constitutional ruling." *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S. Ct. 1087, 1092 (1985).

Here, the relevant state court order stated that the petitioner's *Wiggins* claim "does not meet the requirements for consideration of subsequent claims under Article 11.071, Section 5.  Therefore, we dismiss this subsequent application." *Ex parte Ibarra*, No. 48,832-04, 2008 WL 4417283 (Tex. Crim. App. Oct. 1, 2008).  Petitioner contends that the state ground for dismissal was both inadequate and not independent.

It was inadequate, he suggests, because "an emerging equitable exception" to Section 5 permits an applicant to seek relief where his first appointed counsel fails to raise a single cognizable claim in his application. *See Ex parte Granados*, No. WR-51135-1 (Tex. Crim. App. Jan. 10, 2007) (unpublished) (denying relief because Petitioner failed to identify claims that would be revealed in new petition); *Ex parte Moreno*, 245 S.W.3d 419, 420 (Tex. Crim. App. 2008) (reopening application for writ on the basis of two new Supreme Court decisions and taking into account "applicant's diligence in raising the claim in his initial state application"); *Ex parte Ruiz,* SW-04:8-13; 2007 WL 2011023 (Tex. Crim. App. July 6, 2007) (unpublished) (denying relief over suggestion by two dissenting justices and one concurring justice that forbidding subsequent petitions was inappropriate where state habeas counsel was ineffective in failing to raise claim of trial counsel's ineffectiveness); *Ex Parte Medina*, 361 S.W.3d 633, 642-43 (Tex. Crim. App. 2011) (permitting subsequent application where "habeas counsel ha[d] employed a Machiavellian strategy designed to thwart the proper statutory procedure for filing a death penalty writ" (internal quotation marks and citation omitted)).

Petitioner finds *Medina* especially suggestive of his idea that the Texas abuse of writ bar is not firmly established or regularly followed. *Medina*, he argues, should have been applied in Petitioner's case. But in fact, the *Medina* court took pains to distinguish that case from cases like Petitioner's. Not only was it *sui generis* in that counsel "intentional[ly] refus[ed] to plead specific facts that might support habeas corpus relief," but even more because "counsel's filing was not a proper habeas-corpus application," as the state there acknowledged. *Id.* at 642-43. The circumstances in that case involved "not habeas counsel's lack of competence but his misplaced desire to challenge the established law at the peril of his client." *Id.* at 643. Petitioner makes no such allegation regarding intentional malfeasance on the part of his state habeas counsel here. Texas's

Section 5 bar remains an adequate state ground for finding procedural bars based on TCCA decisions. *See, e.g., Balentine v. Thaler*, 626 F.3d 842, 854 (5th Cir. 2010) ("*Balentine II*"). No decision of this court holds otherwise. The district court's conclusion that the TCCA's decision here was based on an adequate state ground is not subject to dispute among jurists of reason.

Likewise, reasonable jurists could not disagree with the district court's conclusion that the TCCA's decision was based on an independent state ground. The TCCA's decision was not interwoven with federal law. As the district court noted, "[t]here is no indication in the order that the Court of Criminal Appeals relied on anything other than abuse of the writ." *Ibarra v. Thaler*, No. W-02-CA-052, slip op. 30 (S.D. Tex. Mar. 31, 2011). Where a Texas court does not state which prong of Article 11.071, Section 5 it relies on in dismissing a subsequent petition, we do not presume that it reached the separate statutory subdivision that involves the application of federal law. *Coleman*, 501 U.S. 722, 111 S. Ct. 2546 (1991). A denial of relief under Section 5, without more, does not justify a presumption that the TCCA reached the federal merits of the petition. *Balentine*, 626 F.3d at 856. Petitioner offers no evidence or even an assertion that he satisfied the first prong of Section 5, which requires that a petitioner establish that the factual or legal basis of his claim was unavailable at the time of his first petition. TEX. CODE CRIM. PROC. ART. 11.071, 5(a). Unlike the uncertain situation faced by this court in *Ruiz v. Thaler*, 504 F.3d 523, 527 (5th Cir. 2007), where a concurring state court judge, who provided a necessary vote for denial, relied on federal-law grounds for his vote, the TCCA here gave no reason to infer that the second prong was necessary to its decision. Because jurists of reason could not disagree with the district court's conclusion that

Petitioner's *Wiggins* claim was procedurally defaulted, we deny his application for a COA on this claim.[1]

## C. VCCR claim.

Petitioner argues that the district court's decision denying his claim for relief under the VCCR is debatable. The court held that this claim, too, was procedurally defaulted. The state courts so held on direct appeal and in rejecting his successive state writ application. The state courts' dismissal of this claim as defaulted is enforceable. *Leal Garcia v. Quarterman*, 573 F.3d 214, 224 (5th Cir. 2009). Petitioner argues that the state waived its argument of procedural default in federal court. This is clearly not true, and we conclude that the district court's disposition of this claim is not subject to dispute among jurists of reason. The state requested that the federal district court provide an alternative prejudice review for Petitioner, which the district court did.[2] As the state points out, the federal district court's rendering of a prejudice analysis is

---

[1] Petitioner also asserts that he should benefit from two recent Supreme Court decisions. First, *Maples v. Thomas*, 132 S. Ct. 912 (2012), holds that in a habeas case, a client cannot be charged with the acts or omissions of an attorney who abandoned him. Because counsel for Ibarra who filed his first state habeas application did not abandon him, but simply did not raise issues Ibarra now would like to argue, *Maples* is inapposite. Second, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), held that in states which do not permit the raising of an ineffective assistance of counsel claim via post-trial motion or on direct appeal, ineffective assistance in a collateral proceeding–the first proceeding in which an ineffective assistance claim may be raised–may constitute "cause" for procedural default of the ineffective assistance claim. For the reasons explained in our June 28, 2012 order in this case, we reject this assertion.

[2] Petitioner strenuously protests the district court's finding that he was not prejudiced by the state's failure to notify him earlier about his right to consult with the Mexican consulate. His allegations of prejudice have no evidentiary support in the state court record, and he was furnished constitutionally sufficient counsel and resources for trial. Mere hypotheses about the further assistance the consulate could have offered do not carry Ibarra's burden to prove prejudice. Petitioner further suggests that the court below conducted a 2254(d) review of the state court decision's reasonableness, rather than a *de novo* merits review which found no prejudice. There is nothing in the district court's opinion to suggest this; rather, the district court wrote that the claim was "without merit" because "no reasonable jury would have made a different decision" in light of the powerful inculpatory and aggravating evidence against him.

a common device in habeas cases in this circuit; such alternative findings in themselves do not detract from a conclusion that a procedural bar is enforceable. Here, the state made clear that it did not waive the procedural bar to which the claim was subject, and the district court's conclusion that the claim was in fact procedurally defaulted is unassailable. *Trest v. Cain*, 522 U.S. 87, 89, 118 S. Ct. 478, 480 (1997). The state explicitly fulfilled this obligation here.

## Conclusion

For the foregoing reasons, we conclude that jurists of reason could not find debatable the district court's disposition of the claims for which Petitioner seeks a COA. We therefore DENY his application for a COA.

APPLICATION DENIED.

No. 11-70031

GRAVES, Circuit Judge, dissenting:

I disagree with the majority's finding that Ibarra's ineffective assistance of counsel claim is defaulted. The majority rejects Ibarra's reliance on *Martinez v. Ryan,* 132 S.Ct. 1309 (2012), for the reasons explained in a June 28, 2012, order in this case. Because I continue to disagree for the reasons explained in my separate opinion to that order, I respectfully dissent. *See Ibarra v. Thaler*, --- F.3d ----, 2012 WL 2620520 (5th Cir. June 28, 2012)(Graves, J., dissenting in part).