# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2013

No. 11-70031

Lyle W. Cayce
Clerk

RAMIRO RUBI IBARRA,

        Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

        Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before JONES, HAYNES, and GRAVES, Circuit Judges.

### O R D E R

Treating the Appellant's motion for en banc rehearing as a motion for panel rehearing, and given the Supreme Court's recent decision in *Trevino v. Thaler*,133 S. Ct. 1911 (2013), the court GRANTS the motion for rehearing in part.[1]  We hereby VACATE our prior panel decision only to the extent inconsistent with *Trevino* and grant a COA only to that extent; in all other respects, the majority and dissenting opinions remain in effect.  In light of this new authority, we VACATE the district court's order to the extent inconsistent with *Trevino* and REMAND to the district court for proceedings consistent herewith.

---

[1] The effect of this ruling is to moot the Petition for Rehearing En Banc.

No. 11-70031

GRAVES, Circuit Judge, concurring in part and dissenting in part:

I agree that the Supreme Court's recent decision in *Trevino v. Thaler*, 133 S.Ct. 1191 (2013), requires us to vacate our prior decision, grant Ibarra's certificate of appealability (COA), and remand to the district court for the appropriate application of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).[2]  The trial court should, in the first instance, be allowed to apply *Martinez* in accordance with *Trevino*.  *See Cantu v. Thaler*, 682 F.3d 1053 (5th Cir. 2012)

However, I disagree with the majority's inclusion of the language that "in all other respects, the majority and dissenting opinions remain in effect." The inclusion of this language is an unwarranted and unnecessary potential limiter on the consideration of Ibarra's claims of ineffective assistance of trial counsel with regard to issues on which the majority previously denied his COA.  Ibarra is clearly not foreclosed from raising his ineffective assistance of counsel claims on these issues.  Simply put, the trial court is free to determine whether or not evidence related to these issues is relevant to any claim of ineffective assistance of counsel, and is likewise free to determine if any ineffective assistance affects the merits of these issues or any procedural default.  *Id.*  Thus, I disagree with any language which may be construed to the contrary.

---

[2] This is entirely consistent with my previous separate opinions in this case wherein I disagreed with the panel majority's rejection of the application of *Martinez*.  *See Ibarra v. Thaler*, 687 F.3d 222 (2012) (Graves, J., concurring in part and dissenting in part), and *Ibarra v. Thaler*, 691 F.3d 677 (2012) (Graves, J., dissenting).