# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-70014

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2019

Lyle W. Cayce
Clerk

RAMIRO RUBI IBARRA,

> Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:02-CV-52

Before JONES, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ramiro Rubi Ibarra was convicted of capital murder and sentenced to death. This court previously granted a certificate of appealability ("COA") under 28 U.S.C. § 2254 from the district court's denial of relief on his ineffective assistance of counsel claim and denied his petition for a COA on his *Atkins* claim. Following briefing on the former claim, we **AFFIRM**.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-70014

## I.     Background

The facts about the crime need not be recited again.  This court summarized the procedural history as follows:

Petitioner's sentence and conviction were affirmed on direct appeal.  *See Ibarra v. State of Texas*, 11 S.W.3d 189 (Tex.Crim.App.1999), *reh'g denied* (Dec. 8, 1999), *cert. denied*, *Rubi Ibarra v. Texas*, 531 U.S. 828, 121 S. Ct. 79, 148 L.Ed.2d 41 (2000).  His first state habeas corpus petition was denied. *Ex parte Ibarra*, No. WR–48832–01 (Tex.Crim.App. Apr. 4, 2001). Petitioner then submitted his federal habeas petition, which was stayed while he exhausted additional state court claims pursuant to *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L.Ed.2d 335 (2002), which banned the execution of the mentally retarded. His petition was stayed further while he pursued state court claims following President Bush's announcement that the United States would have state courts give effect to an International Court of Justice opinion declaring that Mexican nationals were entitled to review and reconsideration of their convictions due to states' failure to comply with the Vienna Convention on Consular Relations ("VCCR").  *See The Case Concerning Avena and Other Mexican Nationals (Mex. v. U.S.) ("Avena")*, 2004 I.C.J. 12 (Judgment of Mar. 31).  *See also Medellin v. Texas*, 552 U.S. 491, 128 S. Ct. 1346, 170 L.Ed.2d 190 (2008).

The Texas Court of Criminal Appeals remanded Petitioner's *Atkins* claim to the trial court for an evidentiary hearing.  The trial court determined that Petitioner was not mentally retarded, and this holding was adopted on appeal by the Court of Criminal Appeals ("CCA").  In the same order, the CCA dismissed his separate petition for relief under *Avena* as a subsequent writ under Article 11.071, Section 5 of the Texas Code of Criminal Procedure. *Ex parte Ibarra*, Nos. WR–48832–02 and WR–48832–03, 2007 WL 2790587, (Tex.Crim.App. Sept. 26, 2007).  Petitioner's application for certiorari on his *Avena* claim was denied.  *Ibarra v. Texas*, 553 U.S. 1055, 128 S. Ct. 2475, 171 L.Ed.2d 770 (2008).  A fourth state habeas petition, raising a claim under *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L.Ed.2d 471 (2003), was also dismissed by the CCA as a subsequent writ. *Ex parte Ibarra*, No. WR–48832–04, 2008 WL 4417283 (Tex.Crim.App. Oct. 1, 2008).

No. 17-70014

*Ibarra v. Thaler*, 691 F.3d 677, 680 (5th Cir. 2012) *vacated in part sub nom. Ibarra v. Stephens*, 723 F.3d 599 (5th Cir. 2013).

After Ibarra had finally exhausted his claims in the Texas courts, he argued eleven grounds for relief in the federal district court, all of which were rejected, and then sought a COA from this court on only three claims: *Atkins*, VCCR, and *Wiggins*.

Pertinent to the instant appeal, Ibarra contended that "his trial counsel was ineffective in his investigation, development, and presentation of mitigation evidence, as well as the development of rebuttal evidence for the state's aggravating factors at sentencing" in violation of the Sixth Amendment and *Wiggins*, 539 U.S. at 522–23, 123 S. Ct. at 2536. As noted above, the TCCA dismissed this petition as an abuse of the writ. The district court rejected this claim for two independent reasons: (1) procedural default under then-governing precedent, and (2) alternatively, his claim was meritless, because Ibarra could not demonstrate prejudice. *Ibarra*, 691 F.3d at 683. This court held that reasonable jurists "could not disagree with the district court's conclusion that Petitioner's *Wiggins* claim was procedurally defaulted" and denied a COA. *Id.* at 685.

As to the *Atkins* claim, this court denied a COA on alternative grounds of procedural bar, non-exhaustion, and meritlessness. The evidence Ibarra offered in state court included an unsworn, inadmissible expert witness statement concerning Ibarra's IQ; an investigative report about his alleged adaptive deficits; and the opinion of Dr. Stephen Mark, who had found no evidence of mental handicap after two examinations of Ibarra. The TCCA had rejected this claim on the merits. Ibarra consequently offered material new evidence in federal court, rendering his claim unexhausted and procedurally barred. Finally, reviewing the state court record, this court found it not

3

debatable that the state courts' rejection of Ibarra's *Atkins* claim on the merits did not violate 28 U.S.C. § 2254(d)(1). *Ibarra,* 691 F.3d at 681–83.[1]

The Supreme Court then decided *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911 (2013). On a motion for rehearing, this court granted rehearing in part and vacated our initial decision "only to the extent inconsistent with *Trevino* and grant[ed] a COA only to that extent; in all other respects, the majority and dissenting opinions [of the prior opinion] remain[ed] in effect." *Ibarra,* 723 F.3d at 600. Judge Graves concurred in part and dissented in part.

Back in the district court, Ibarra moved to stay and remand so that he could pursue his ineffective assistance of counsel ("IATC") claim in state court. The district court denied this motion. The case was reassigned to Judge Pitman when Judge Smith retired. Ruling on a motion for rehearing of the denial order, Judge Pitman affirmed the denial and held *sua sponte* that a COA should not issue because Ibarra's IATC claim was not "substantial."

## II.  Standard of Review and Controlling Law

*Martinez v. Ryan* held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. 1, 17, 132 S. Ct. 1309, 1320 (2013). This principle was extended to Texas in *Trevino,* 569 U.S. at 429, 133 S. Ct. at 1921. Such a "substantial claim" constitutes "cause" for the procedural default, but, in line with traditional precedent, the petitioner must also prove that he suffered "prejudice" from counsel's errors. *Martinez,* 566 U.S. at 10, 132 S. Ct. at 1316 (citing *Coleman v. Thompson,* 501 U.S. 722,

---

[1] This court also denied COA on the VCCR claim, a holding that has not been challenged.

750, 111 S. Ct. 2546 (1991)).   A "substantial" claim is one that has "some merit."  *Id.* at 14, 132 S. Ct. at 1318.   An insubstantial claim is one which "does not have any merit" or "is wholly without factual support."   *Id.* at 15–16, 132 S. Ct. at 1319.   The standard for evaluating an ineffective assistance of counsel claim is provided by *Strickland*, which states the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense.   This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.   The State succeeds in establishing procedural default if the IATC claim is insubstantial, if the initial habeas attorney was not constitutionally ineffective, or if Ibarra has not proved sufficient prejudice to overcome his procedural default.   *Martinez*, 566 U.S. at 15–16, 18, 132 S. Ct. at 1319, 1321.

### III.   Analysis

Ibarra argues that his trial attorneys were ineffective for failing to investigate and present additional mitigating evidence about Ibarra's background.   He alleges that a "reasonable investigation" would have uncovered:

> (1) Ibarra's extreme childhood impoverishment to the point of malnourishment and living conditions far more dire than "humble;" (2) extreme physical and emotional abuse perpetrated against Ibarra as a child by his father; (3) Ibarra's witnessing extreme physical and emotional abuse perpetrated against loved ones by his father as a child; (4) Ibarra's attempts to care for and protect his siblings from their poverty and from their father's abuse;   (5) Ibarra's   significantly   subaverage   intellectual functioning; (6) Ibarra's developmental intellectual disability; and (7) Ibarra's development of severe post-traumatic stress disorder as a result of his experiencing and witnessing the extreme violence perpetrated   by   his   father   throughout   his   childhood   and

experiencing the near deaths and deaths of family members due to their extreme poverty.[2]

Ibarra contends that trial counsels' failure to present this evidence prejudiced him at the sentencing stage and led the jury to unanimously conclude that no mitigating factors existed to support a sentence of life imprisonment instead of death.

This court earlier granted a COA because Ibarra's original IATC claim was debatable, and it was also debatable whether his initial habeas counsel was ineffective for not pursuing this claim in state court.

## A. Whether Ibarra's New Evidence is Admissible

The parties join issue first over the admissibility of mitigating evidence presented by Ibarra for the first time in the district court and neither developed in nor considered by the state courts. As a general matter, federal habeas law bars federal courts from considering evidence not diligently developed in state court by the habeas petitioner. *See* 28 U.S.C. § 2254(e)(2). The State argues that, in light of the absence of the newly developed evidence from the state court record, despite its availability, he is now barred from presenting it in federal court. *See Holland v. Jackson*, 542 U.S. 649, 653, 124 S. Ct. 2736, 2738 (2004) (holding that attorney error in state habeas proceedings is "chargeable to the client").

Ibarra responds that in *Martinez,* the Supreme Court created a narrow exception to the vicarious fault rule for claims involving inadequate assistance of counsel during initial-review collateral proceedings (citing *Martinez*, 556 U.S. at 9). He further contends that because establishing cause for a procedural waiver under *Martinez* can allow a habeas petitioner to avoid the

---

[2] Ibarra also contends that the district court was obliged to hold an evidentiary hearing on his *Martinez* claim, but circuit precedent does not support such a requirement. *See Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016).

procedural bar and bring an ineffective assistance of counsel claim in federal court, establishing cause under *Martinez* must allow a habeas petitioner to present new evidence in federal court in connection with that claim. This court need not discuss the validity of this claim, however, because even if Ibarra's new evidence is admissible, his claim fails to meet the standard set forth in *Strickland*, for the reasons below. *See Newbury v. Stephens,* 756 F.3d 850, 872 (5th Cir. 2014) ("Because [the petitioner] has already received all of the relief available to him under the authority of *Martinez* and *Trevino*, that is, review of the merits by the federal court, it is not necessary" for the court to analyze the district court's application of those cases in further detail).

**B. Whether State Habeas Counsel's Performance Was Deficient as a Matter of Law**

Preliminarily, Ibarra argues that the district court violated the law of the case by determining that his claim did not amount to a "substantial" *Strickland* claim because, in his view, this court's decision to grant a COA by definition meant that his claim was substantial. This argument misapplies the standard for granting a COA. This court's grant of a COA means only *that reasonable jurists could debate* whether Ibarra's claim was substantial, *Buck v. Davis,* 137 S. Ct. 759, 775 (2017); it does not mean that the court held Ibarra's claim itself to be substantial on the merits. And after our grant of COA, the debate took place in the district court, and the court concluded that Ibarra's *Strickland* claim was not substantial. Thus, the district court's decision did not violate the law of the case. *See, e.g., Trevino v. Davis,* 861 F.3d 545, 550–551 (5th Cir. 2017), *cert. denied,* 138 S. Ct. 1793 (rejecting trial-IAC claim on merits after this court granted COA).

Next, Ibarra contends that the district court erred by holding that his state habeas counsel's performance was not deficient as a matter of law. The district court reviewed the evidence and concluded that there was "nothing to

support Ibarra's claim that counsel failed to investigate and present evidence in mitigation during the punishment phase, or that Ibarra's first habeas counsel was ineffective for failing to raise the IATC issue as it related to mitigation." In so holding, the district court noted that Ibarra's trial attorneys filed multiple motions including for investigative assistance and psychological evaluation. Ibarra was evaluated twice by Dr. Mark, a psychiatrist, who found no evidence of intellectual disability, discussed Ibarra's childhood, education, work history and alcohol abuse with him, and suspected him of "malingering." Further, the court found that much of the mitigating evidence that Ibarra proffers was in fact presented to the jury through the testimony of Ibarra's wife and sister, including "that [Ibarra] came to the United States to find work to help supports his family, that their family was poor, and they lived in 'humble' circumstances, working on the land, and the circumstances of his family situation in the United States."

To the extent that trial counsel performed an investigation, the facts were properly presented to the jury, and the jury nevertheless found no mitigating factors to support life imprisonment, it was not deficient under *Strickland* for Ibarra's state habeas counsel not to pursue an IATC claim in state habeas proceedings. To be sure, Ibarra's newly offered evidence and federal court briefing go into greater detail about Ibarra's specific circumstances, but there is no evidence that Ibarra's state habeas counsel's decision not to investigate and present the evidence in more granular detail to the state habeas court amounted to deficient performance as a matter of law. Under *Strickland*, counsel's conduct is "strongly presumed to fall within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690. Moreover, counsel's advice or decisions need not be perfect—they need only to fall within the "range of competence demanded of attorneys in criminal cases." *McCann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449 (1970). The

8

performance of Ibarra's state habeas counsel was not unconstitutionally deficient as measured by *Strickland*.

Ibarra also disputes the district court's conclusion that, even if his state habeas counsel's failure to raise the *Wiggins*[3] issue provided "cause" under the *Strickland* standard, Ibarra could not establish that he was prejudiced by that failure. To establish prejudice, a habeas petitioner must show that but for trial counsel's omissions, there exists a reasonable probability that the outcome of the trial would have been different. *See Strickland*, 466 U.S. at 694. As the Supreme Court explained, "*Strickland* asks whether it is 'reasonably likely' the result would have been different . . . The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter,* 562 U.S. 86, 111–12, 131 S. Ct. 770 (2011) (quoting *Strickland,* 466 U.S. at 696).

The district court concluded that the aggravating factors presented by the State (detailing Ibarra's sexual assaults and domestic violence against multiple family members) were "more than sufficient to outweigh any additional potentially mitigating evidence" presented by Ibarra in light of the brutal facts of his case.

Challenging the district court's decision, Ibarra contends that the court erred as a matter of law in two ways. First, he argues that the district court erred by concluding that "a reasonable probability of a different sentencing result did not exist because the State's evidence establishing Mr. Ibarra's guilt for the capital offense was 'compelling' . . .." This argument is mistaken. The district court's only reference to the compelling evidence against Ibarra occurred during the court's recitation of the facts and procedural history of the case. In any event, the heinousness of the underlying crime—Ibarra raped, sodomized and murdered a young girl—can certainly be judged "compelling"

---

[3] *Wiggins v. Smith,* 539 U.S. 510 (2000).

by a jury determining the existence of aggravating circumstances, and Ibarra's guilt, which included DNA evidence and strong witness testimony, was also "compellingly" proven. The "brutal and senseless nature of the crime" and "evidence of violent conduct" may be weighed against *Strickland* prejudice. *Smith v. Quarterman,* 471 F.3d 565, 576 (5th Cir. 2006).

Second, Ibarra argues that the district court erred by "holding that [he] could not prevail because his allegations did not establish that the mitigating evidence presented 'outweighed' the aggravating evidence presented by the State" because "Texas imposes no such weighing requirement on juries considering mitigation evidence." This argument misses the mark because whether Texas formally requires juries to balance aggravating and mitigating factors has no bearing on the application of the *Strickland* standard. *Strickland* asks whether it is *reasonably likely* that, given the totality of the circumstances, a juror would have concluded that life in prison was a more appropriate sentence than the death penalty. Courts have routinely stated that to evaluate prejudice, the court "reweigh[s] the evidence in aggravation against the totality of the available mitigating evidence." *Wood v. Quarterman,* 491 F.3d 196, 203 (5th Cir. 2007) (quoting *Wiggins,* 539 U.S. at 534); *see also Trevino,* 861 F.3d at 549. That is the standard Ibarra must meet to establish prejudice, and the district court's application of the standard was not erroneous.

It must be added that although Ibarra wholly failed to brief the district court's weighing of the trial evidence along with his newly adduced mitigating evidence, the soundness of the district court's conclusion can hardly be doubted. Not only did Ibarra rape, sodomize and strangle his 16-year-old victim, but he had repeatedly sodomized his eight-year-old nephew and threatened to kill him; he molested his nephew on other occasions; he had beaten and come close to strangling a former girlfriend, including forcing her

to undress at gunpoint and threatening to kill her; he had beaten the woman when she confronted him about touching her daughter inappropriately; he had prior convictions for unlawfully carrying a weapon and DWI; and he misbehaved repeatedly in prison. The additional evidence Ibarra now proffers of his poverty and violent upbringing is a double-edged sword in terms of proving future dangerousness and is greatly outweighed by the facts above. The district court accurately found no prejudice.

For the foregoing reasons, the judgment of the district court denying habeas relief is **AFFIRMED**.

No. 17-70014

JAMES E. GRAVES, JR., Circuit Judge, dissenting:

Because I conclude that the district court violated the remand order, I would vacate and remand. Accordingly, I respectfully dissent.

This court previously vacated its prior decision, granted a certificate of appealability (COA), and remanded for the appropriate application of *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). *See Ibarra v. Stephens*, 691 F.3d 677 (5th Cir. 2012), *vacated in part*, 723 F.3d 599, 600 (5th Cir. 2013).

The majority states that the district court rejected Ramiro Rubi Ibarra's ineffective assistance of counsel claim because it was not "substantial." However, the district court explicitly said:

> Initially, the Court notes that Ibarra's request for a stay should be denied as *Martinez* and *Trevino* are inapplicable. Judge Smith determined that Ibarra's IATC claim was not just procedurally barred, but that it lacked merit. This opinion was affirmed by the Fifth Circuit, despite Ibarra's reliance upon Judge Graves' dissent. *Ibarra*, 723 F.3d at 600 (Graves, J., dissenting) ("I disagree with the majority's inclusion of the language that 'in all other respects, the majority and dissenting opinions remain in effect.'"). As the majority opinion remanded the case only in regard to the procedural default issue, the opinion did not effect [sic] the denial of Ibarra's IATC claim on the merits.

The district court's interpretation of the remand is erroneous. As the district court stated above, I previously dissented to the unnecessary, misleading, and limiting language included by the majority. In part, I was attempting to avoid a situation such as this. The district court then relied on that very language to somehow conclude it was prohibited from giving Ibarra's IATC claim the consideration ordered by this court. The district court erred in its determination that this court again affirmed the denial of Ibarra's IATC claim on the merits. Further, if that were the case, it would serve no purpose to remand to the district court on the basis of the erroneous application of

12

procedural default if we had already concluded the claim has no merit regardless of whether it is procedurally defaulted.

The district court's analysis of the remand order is erroneous. As stated by the majority, Ibarra had to prove that his claim was "substantial" or had "some merit." *Martinez*, 566 U.S. at 14-16. An insubstantial claim "does not have any merit." *Id.* at 16. Under the district court's erroneous conclusion that this court continued to affirm the denial of Ibarra's IATC claim on the merits, there was no possible way Ibarra could then establish that the claim was "substantial" or had "some merit."

Moreover, the district court's subsequent analysis regarding the application of *Martinez* is likewise erroneous. The district court said, "[i]n order to prove that his IATC claim has some merit, a petitioner must satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984)." Ibarra does not have to fully prove his ineffective assistance of counsel claim. He merely has to prove that it has "some merit" in order to establish cause for the procedural default. *Martinez*, 566 U.S. at 10. While *Strickland* is a consideration in determining whether a claim is "substantial," the standards for proving an ineffective-assistance-of-counsel claim and establishing cause for procedural default are not interchangeable. If Ibarra is able to establish his claim is "substantial" or has "some merit," then he would have the opportunity to fully present his claim of ineffective assistance of counsel.

Despite the fact that this court had already granted a COA and remanded for the appropriate application of *Martinez*, the district court then found "sua sponte, that a certificate of appealability should not issue," denied Ibarra's motion and ordered the case back to this court. In doing so, the district court violated the remand order.

For these reasons, I would vacate and remand. Thus, I respectfully dissent.