# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-70019

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2015

Lyle W. Cayce
Clerk

PABLO LUCIO VASQUEZ,

Petitioner-Appellant

v.

WILLIAMS STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CV-143

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Pablo Lucio Vasquez, a Texas death row inmate, appeals the district court's denial of his application for a certificate of appealability ("COA") to challenge the denial of his petition for a writ of habeas corpus. We DENY Vasquez's request for a COA and AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-70019

## FACTS AND PROCEDURAL BACKGROUND

Vasquez was convicted of the murder of 12-year-old David Cardenas on the night of April 17-18, 1998, in Donna, Texas. An anonymous caller notified a police officer that Cardenas had been slain during a party that Vasquez attended. When Cardenas's body was found, he was missing one of his arms and part of the other, had no skin on his back, and had a hole in the back of his head. An autopsy concluded that the cause of death was a major fracture in the back of Cardenas's skull caused by blunt force. The body was also mutilated after death by a means that caused bones to shatter.

After recovering Cardenas's body, police detained Vasquez. He admitted to hitting Cardenas in the head with a pipe and cutting his throat. He also stated that he and an accomplice dragged Cardenas's body to a field for burial. Fearing that Cardenas was still alive, one of the perpetrators hit Cardenas in the face with a shovel. Vasquez also took a gold ring and chain from the body. Cardenas's sister confirmed that her brother had been wearing a gold ring and chain that night. Additionally, Vasquez's cousin testified that Vasquez told her he had killed the boy because Cardenas did not "give him what he wanted."

In December 1998, a district court jury in Hidalgo County convicted Vasquez of robbing and murdering Cardenas. Based on the jurors' answers to the special issues set forth in Article 37.071 of the Texas Code of Criminal Procedure, the trial court sentenced him to death. On direct appeal in April 2002, the Texas Court of Criminal Appeals affirmed. While that appeal was pending, Vasquez filed for a writ of habeas corpus in state court. The district court entered findings of fact and conclusions of law, and recommended that relief be denied. The Court of Criminal Appeals agreed and denied relief in May 2002. Shortly thereafter, Vasquez filed a successive state petition raising thirteen new claims. The Court of Criminal Appeals dismissed all but one of

the claims as an abuse of the writ after finding that they did not meet any of the exceptions permitting consideration of claims raised in a subsequent application. *See* TEX. CODE CRIM. PROC. art. 11.071 § 5(a). The final claim was remanded to the district court for consideration, and that court recommended that relief be denied on the merits. The Court of Criminal Appeals adopted the recommendation in March 2004.

In April 2004, Vasquez filed a federal application for a writ of habeas corpus in the United States District Court for the Southern District of Texas. In December 2005, a magistrate judge recommended that certain claims raised by Vasquez, including all of the claims at issue here, be dismissed on the basis of procedural default.

Subsequent to this recommendation but before action by the district court, the Supreme Court recognized a limited exception to the procedural default rule for claims of ineffective assistance of trial counsel and determined that this exception applies to Texas capital cases. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). After receiving supplemental briefing from the parties regarding the applicability of these cases, the magistrate judge concluded that *Martinez* and *Trevino* are inapplicable and again recommended that the claims be dismissed as procedurally barred. In doing so, the magistrate judge also reached the merits of Vasquez's ineffective assistance of counsel claims.

In March 2014, the district court adopted the magistrate judge's recommendation and granted the State's motion for summary judgment. Four months later, the court denied Vasquez's request for a COA to appeal five of the thirteen issues raised in his habeas petition. Vasquez now seeks a COA from this court on those same five issues.

No. 14-70019

## DISCUSSION

In order to obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Additionally, the Supreme Court has held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). We conclude that jurists of reason would find no grounds upon which to debate the district court's procedural ruling dismissing Vasquez's claims.

### I. *The District Court's Procedural Ruling*

Vasquez argues that he has made the requisite showing for a COA as to five of the claims raised in his habeas petition. The Texas Court of Criminal Appeals dismissed these claims as an abuse of the writ because they did not meet any of the exceptions permitting consideration of claims raised in a subsequent habeas application. *See* TEX. CODE CRIM. PROC. art. 11.071 § 5(a). As a result, the district court dismissed these claims as procedurally defaulted when Vasquez raised them in his federal habeas petition.

Procedural default occurs when "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). In Texas, subsequently raised claims may be dismissed unless: (1) "the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application," (2) "no rational juror could have found the applicant guilty beyond a reasonable doubt," or (3) "no

4

rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury . . . ." TEX. CODE CRIM. PROC. art. 11.071 § 5(a)(1)-(3). This rule is an independent and adequate procedural ground upon which to base a procedural default ruling. *See Rocha v. Thaler*, 626 F.3d 815, 830 n.70 (5th Cir. 2010) (collecting cases). We except from this treatment, however, dismissals in which the Court of Criminal Appeals determines that the prisoner's claims were previously unavailable pursuant to Section 5(a)(1) but nevertheless denies the claims on the merits. *Id.* at 838.

In this case, the Court of Criminal Appeals said simply that Vasquez's claims "are dismissed as an abuse of the writ because they do not contain sufficient facts establishing an exception allowing for consideration in a subsequent application." When faced with such a "boilerplate dismissal," this court does "not presume that there [are] no independent and adequate state-law grounds for a state court's decision unless we first determine that it fairly appears that the state court addressed the merits of the prisoner's federal constitutional claims for habeas relief." *Id.* (citation and internal quotations omitted). Importantly for purposes of determining what "fairly appears" in the Court of Criminal Appeals decision, that court did not state that the claims were previously unavailable but unmeritorious. Instead, its holding was limited to the language we have quoted. Accordingly, we conclude that the state court's decision was based on adequate and independent state grounds and that jurists of reason would find no basis upon which to debate the district court's dismissal of Vasquez's claims as procedurally barred.

## II. The Supreme Court's Martinez *and* Trevino *Decisions*

The district court concluded that the Supreme Court's recent decisions in *Martinez* and *Trevino* did not undermine this adequate and independent

procedural ruling.  In *Martinez*, the Supreme Court held that a prisoner may bring a procedurally defaulted ineffective assistance of trial counsel claim in federal habeas proceedings when post-conviction counsel's ineffectiveness in initial-review collateral proceedings caused the default.  *See* 132 S. Ct. at 1315. In *Trevino*, the Court concluded that this exception to the procedural default rule applies in Texas capital cases.  *See* 133 S. Ct. at 1915.  In order to overcome the default, however, the prisoner must first demonstrate that post-conviction counsel, by failing to raise the ineffective assistance claims, both performed deficiently and prejudiced the prisoner's defense.  *See Martinez*, 132 S. Ct. at 1318; *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Next, the prisoner must demonstrate that jurists of reason could disagree about whether the underlying ineffective assistance claims have some merit.  *See Martinez*, 132 S. Ct. at 1318; *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Two of Vasquez's claims do not pertain to the effectiveness of counsel.  Of the three remaining claims, two are ineffective assistance of trial counsel claims and one relates to post-conviction counsel's alleged ineffectiveness for failing to raise those ineffective assistance claims.[1]  We review these issues separately.

### a. First Ineffective Assistance of Trial Counsel Claim

Vasquez contends that his trial counsel should have objected to the trial judge's momentary absences during *voir dire*.  Although the nature of the absences is unclear, it appears the judge left the courtroom on several occasions to get glasses of water for prospective jurors and perhaps for other purposes. According to Vasquez, these episodes conveyed the message that "the

---

[1] Vasquez also asserts other grounds for post-conviction counsel's ineffectiveness. These claims remain procedurally barred.

proceedings were not sufficiently important to merit [the judge's] presence." Additionally, Vasquez notes several occasions in which the judge "overruled defense objection[s] . . . he had not heard." By this he seems to mean only that the judge did not hear the *original* articulation of some objections, since counsel fully explained each of them upon the judge's return. Finally, Vasquez argues, without further explanation, that he may not have been convicted or sentenced to death had the judge been present for the entirety of *voir dire.*

In considering Vasquez's ineffective assistance claim, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689. To overcome this presumption, Vasquez must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. A mere failure to object is insufficient, because "counsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (citation omitted). In this case, there is nothing to suggest that counsel's actions were unreasonable. Vasquez makes no argument that the judge's absences affected the proceedings other than that jurors might have gotten the impression that the judge considered *voir dire* to be unimportant. Whatever jurors perceived from the absences, we cannot say that counsel acted unreasonably by failing to object.

Moreover, Vasquez has not demonstrated that his trial counsel's failure to object resulted in prejudice. To demonstrate prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Vasquez has not met this standard.

### b. Second Ineffective Assistance of Trial Counsel Claim

Vasquez contends that his trial counsel should have objected to the trial court's excusal of twenty-six prospective jurors who were opposed to the death penalty but, he says, were "qualified to serve as jurors." He further contends that trial counsel should have attempted to rehabilitate the excused jurors. Had counsel done either, he argues, "at least some of the jurors would have been different" and he may not have been convicted or sentenced to death.

A juror may not be excused "for cause based on his views about capital punishment unless those views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Adams v. Texas*, 448 U.S. 38, 45 (1980). Nevertheless, a juror "must be willing not only to accept that in certain circumstances death is an acceptable penalty but also to answer the statutory questions without conscious distortion or bias." *Id.* at 46.

Trial counsel's failure to object to the dismissal of jurors in this case did not constitute deficient performance. The excluded jurors in question listed in their juror questionnaires that they could never return a verdict requiring the assessment of the death penalty "under any circumstances." Before dismissing these jurors for cause, the trial judge questioned them and confirmed that they felt strongly about their objections to capital punishment and would not be able to assess the case fairly as a result.[2] In other words, the judge did not merely dismiss the jurors for their views about capital punishment; he dismissed them because they were not willing to impose the death penalty and could not

---

[2] Vasquez identifies two jurors who did not categorically object to capital punishment. One testified that she would be willing to consider the death penalty but would have a difficult time imposing it. Another testified that she supported the death penalty but would not impose it herself. In both instances the jurors expressed serious doubts about their ability to fairly assess the case in light of their views.

analyze the case without distortion or bias. This approach was in accord with Supreme Court precedent, and trial counsel therefore had no reason to object to the dismissals. Additionally, trial counsel's decision not to attempt to rehabilitate potential jurors who were "unequivocal in their feelings against the death penalty" does not constitute ineffective assistance of counsel. *Bridge v. Lynaugh*, 838 F.2d 770, 776 (5th Cir. 1988).

Vasquez has also failed to demonstrate a reasonable probability that, had his trial counsel objected or attempted rehabilitation, the result of the proceedings would have been different. To demonstrate the impartiality of the excluded jurors via objection or rehabilitation, counsel would have been required to argue that the jurors testified untruthfully by attesting that they would not impose the death penalty under any circumstances and/or could not view the case fairly. There is little to suggest that such efforts would have succeeded. Even if they had, the jurors may have been excused for cause on the basis of inferred bias due to their dishonesty. *Cf. United States v. Scott*, 854 F.2d 697, 699 (5th Cir. 1988); *Burton v. Johnson*, 948 F.2d 1150, 1159 (10th Cir. 1991).

### c. Ineffectiveness of Post-Conviction Counsel Claim

Vasquez's post-conviction counsel filed a 40-page brief in support of his state habeas application and asserted three ineffective assistance of trial counsel claims, but did not include the two ineffective assistance claims Vasquez now presents.[3] Vasquez argues that this omission constituted

---

[3] It appears that post-conviction counsel may, in fact, have attempted to assert Vasquez's second ineffective assistance of trial counsel claim but failed to brief it adequately. Nevertheless, because we conclude that this claim is meritless, counsel's conduct was not prejudicial.

ineffective assistance.  The Supreme Court has held, however, that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  In order to prove ineffective assistance, the defendant must demonstrate that "a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Id.*  Moreover, "[c]ounsel cannot be deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995); *see also Koch*, 907 F.2d at 527.

Vasquez has not attempted to demonstrate that his ineffective assistance of trial counsel claims were "clearly stronger" than the claims raised by his post-conviction counsel.  Additionally, as already discussed, the ineffective assistance claims that post-conviction counsel now asserts should have been raised are without merit.  Accordingly, counsel did not perform deficiently by failing to raise those claims.

We DENY Vasquez's request for a COA and AFFIRM.