# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 16-70001

———

JUAN RAMON MEZA SEGUNDO,

       Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

       Respondent - Appellee

———

Appeal from the United States District Court
for the Northern District of Texas

———

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2016

Lyle W. Cayce
Clerk

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Juan Ramon Meza Segundo applies for a certificate of appealability ("COA") to appeal the denial of his federal petition for a writ of habeas corpus. He claims that under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), he is entitled to relief from his death sentence because of the ineffective assistance of his trial counsel in failing to investigate and develop evidence of intellectual disability. For the reasons that follow, we deny a COA.

No. 16-70001

I.

In 1986, Segundo broke into eleven-year-old Vanessa Villa's bedroom, raped, and strangled her. He was not a suspect, however, until 2005 when a routine search of the Texas CODIS[1] database matched his DNA with semen samples found at the crime scene. Following a jury trial, Segundo was convicted in Texas state court. On behalf of the defense, a clinical neuropsychologist, Dr. Alan Hopewell, evaluated Segundo and, at the punishment stage of trial, testified that his "extensive history of inhalant abuse" and his failure to have a "stimulating background upbringing" may have caused significant brain dysfunction. Dr. Hopewell opined, however, that Segundo's IQ tested at a 75 and that he was not intellectually disabled.[2] *See Ex parte Hearn*, 310 S.W.3d 424, 430 (Tex. Crim. App. 2010) (explaining that "about 70" represents a "rough ceiling" for IQ levels, "above which a finding of mental retardation in the capital context is precluded"). Segundo was sentenced to death. His conviction and sentence were affirmed on direct review. *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008).

In his state habeas proceedings, Segundo raised thirteen claims for relief, including an *Atkins* claim. *See Atkins v. Virginia*, 536 U.S. 304 (2002) (prohibiting as "cruel and unusual punishment" the execution of intellectually disabled criminals). The state habeas court conducted an evidentiary hearing on his *Atkins* claim, and found that Segundo failed to satisfy either the intellectual functioning prong or the early onset prong required for intellectual disability under Texas law.[3] The state habeas court noted that all the "experts

---

[1] Combined DNA Index System.

[2] In making this assessment, Dr. Hopewell reviewed the results of two intellectual functioning tests, the WAIS-III and the RBANS, which were administered by Dr. Kelly Goodness, a forensic psychologist also retained by the defense.

[3] Under Texas law, an individual is intellectually disabled—such that *Atkins* precludes the imposition of a death sentence—if he meets three criteria: (1) significantly sub-

No. 16-70001

agreed that [Segundo] did not manifest significant sub-average general intellectual functioning."[4] The Texas Court of Criminal Appeals adopted the state habeas court's findings and denied Segundo's habeas petition. *Ex parte Segundo*, No. WR-70963-01, 2010 WL 4978402 (Tex. Crim. App. Dec. 8, 2010).

Segundo then filed a federal habeas petition contending, in part, that his trial counsel's failure to fully investigate his intellectual disability rendered counsel's performance constitutionally inadequate—a claim that Segundo did not raise in state court and thus procedurally defaulted.[5] While his habeas petition was pending, the Supreme Court decided *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), which applied *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) to Texas inmates. Under *Martinez*, habeas petitioners may attempt to show cause for default by demonstrating the ineffectiveness of state habeas counsel in failing to raise a substantial ineffective-assistance-of-trial-counsel ("IATC") claim. 132 S. Ct. at 1316; *see Trevino*, 133 S. Ct. at 1921 (explaining that "the Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal").[6] The district court requested additional briefing on the application of *Martinez* and *Trevino* to Segundo's unexhausted IATC claim.

---

average intellectual functioning; (2) deficits in adaptive behavior; and (3) onset before age 18. *Henderson v. Stephens*, 791 F.3d 567, 579 (5th Cir. 2015). To make the requisite showing, all three elements must be proven. *See Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004).

[4] The defense presented Dr. Stephen Thorne, who evaluated Segundo, reviewed his records and prior intellectual testing, and concluded that Segundo does not meet the criteria for intellectual disability. The state called Dr. Randall Price, who testified that Segundo's IQ was above 78, that he had neither significant subaverage intellectual functioning nor significant deficits in adaptive function, and that he was not intellectually disabled.

[5] Segundo also filed requests for funding to hire a mitigation investigator, which were denied by the district court. And he filed a motion to expand the record, which the district court granted, to contain an affidavit by Dr. Stephen Greenspan.

[6] A finding by the district court that *Martinez* applies works only to allow federal district court merits review of claims that are otherwise procedurally barred. *See Newbury v. Stephens*, 756 F.3d 850, 872 (5th Cir. 2014).

In supplemental briefing, Segundo acknowledged that he failed to present his IATC claim in state court thereby rendering his unexhausted claim procedurally barred. But he argued that an evidentiary hearing and further fact finding was necessary to determine whether the exception carved out in *Martinez* applied to excuse his procedural default. Specifically, Segundo complained that his trial counsel did not properly inquire into his deficits in adaptive behavior, which, if adequately researched, would have led the experts to conclude that he is intellectually disabled. In support, Segundo offered a declaration from a new expert, Dr. Stephen Greenspan, which criticized the prior experts' methodologies and evaluations.

Without addressing Segundo's request for an evidentiary hearing, the district court found the *Martinez* exception inapplicable, dismissed his IATC claim as procedurally barred, and denied his petition for habeas relief. The district court reviewed the state court record and concluded that Segundo failed to show a substantial IATC claim. *See Martinez*, 132 S. Ct. at 1318–19. The district court noted that trial counsel obtained "the assistance of a mitigation investigator, fact investigator, and two mental-health experts at trial who ultimately found [Segundo] not to be intellectually disabled." Moreover, Segundo had the assistance of another mental-health expert at his state habeas proceedings. Because none of the experts reported that they were unable to make a determination of intellectual disability due to incomplete information, the district court found that Segundo failed to show ineffective assistance of counsel. The district court explained that Segundo cannot now demonstrate that his prior counsel was deficient either by contending that his prior experts needed additional information or by pointing to a new expert who

No. 16-70001

disagrees with the findings of previous examiners.[7] The district court denied a COA on all issues. Segundo filed a timely Notice of Appeal.

## II.

"[W]hen a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition . . . the right to appeal is governed by the certificate of appealability (COA) requirements." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Section 2253 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") addresses appeals of denials of habeas corpus petitions, and provides that an "appeal may not be taken" from a final order in a habeas corpus proceeding without a COA. 28 U.S.C. § 2253(c)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## III.

Segundo argues that the district court unreasonably denied him an evidentiary hearing to develop cause for and prejudice from his defaulted IATC

---

[7] *See, e.g.*, *Fairbank v. Ayers*, 650 F.3d 1243, 1252 (9th Cir. 2011) ("Later disagreement by other experts as to the conclusions does not demonstrate a violation of *Strickland*.").

claim. He asserts that he presented sufficient evidence of the ineffectiveness of his trial counsel to warrant additional fact-finding. Specifically, he points to the affidavit of Dr. Greenspan and claims that his trial counsel was ineffective for failing to fully investigate his intellectual disability, specifically his deficits in adaptive behavior, and maintains that counsel failed to provide his experts with a background and social history that would have led to a diagnosis of intellectual disability.

Federal merits-review of a procedurally barred claim is permitted when the petitioner is able to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008); *see Martinez*, 132 S. Ct. at 1320. Applying *Martinez* in the COA context, we have held that "to succeed in establishing cause, the petitioner must show (1) that his claim of ineffective assistance of counsel at trial is substantial—i.e., has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013) (citing *Martinez*, 132 S. Ct. at 1318); *see Newbury v. Stephens*, 756 F.3d 850, 872 (5th Cir. 2014) (explaining that "[e]ven if a petitioner makes both of the showings required under *Martinez*," that "merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted"). To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Here, the district court thoroughly and carefully considered the extensive state record and the evidence that Segundo presented, including the affidavit of Dr. Greenspan presented for the first time in federal court. The

district court concluded that Segundo failed to make either showing required under *Martinez*: First, Segundo's IATC claim lacked merit—because he can demonstrate neither deficient performance nor prejudice under *Strickland*—and second, habeas counsel was not ineffective in failing to raise a meritless claim. We agree.

With respect to the denial of an evidentiary hearing, we decline to hold that *Martinez* mandates an opportunity for additional fact-finding in support of cause and prejudice. The Supreme Court, in *Martinez*, created a narrow exception to procedural default that "merely allows" federal merits-review "of a claim that otherwise would have been procedurally defaulted." 132 S. Ct. at 1320. *Martinez* and *Trevino* protect Texas habeas petitioners from completely forfeiting an IATC claim; neither entitles petitioners to an evidentiary hearing in federal court in order to develop such a claim. Reading *Martinez* to create an affirmative right to an evidentiary hearing would effectively guarantee a hearing for every petitioner who raises an unexhausted IATC claim and argues that *Martinez* applies. *See Newbury*, 756 F.3d at 868–71 (rejecting petitioner's contention that he was owed resources necessary to develop facts in support of his IATC claim under *Martinez*); *see also Ayestas v. Stephens*, 817 F.3d 888, 896 (5th Cir. 2016) (per curiam) (holding that district court did not abuse its discretion in declining to authorize a mitigation specialist prior to determining viability of claim under *Martinez*).

Segundo argues that cause and prejudice cases are inherently fact-specific and contextual. This is true. But there "must be a viable constitutional claim, not a meritless one, and not simply a search for evidence that is supplemental to evidence already presented." *Ayestas*, 817 F.3d at 896. The decision to grant an evidentiary hearing "rests in the discretion of the district court." *See Schriro v. Landrigan*, 550 U.S. 465, 468, 474 (2007) ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes

habeas relief, a district court is not required to hold an evidentiary hearing."); *see also McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998) ("The district court had sufficient facts before it to make an informed decision on the merits . . . and, accordingly, did not abuse its discretion in refusing to hold an evidentiary hearing."). Here, the district court thoroughly reviewed the record of the state-court proceedings, and made specific findings of fact in denying relief. Given the extent of the factual development during trial and during the state habeas proceedings, the district court did not abuse its discretion in determining it had sufficient evidence and declining to hold a hearing.

We also hold that reasonable jurists would not debate that Segundo failed to state a claim that would allow for merits review under *Martinez*.[8] Segundo does not raise a substantial claim of ineffective assistance of trial counsel and therefore cannot show that his procedural default is excused. *Strickland* requires both deficient performance and prejudice. "In investigating potential mitigating evidence, counsel must either (1) undertake a reasonable investigation or (2) make an informed strategic decision that investigation is unnecessary." *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) (per curiam). There is no evidence suggesting that Segundo's trial counsel conducted less than a reasonable investigation.

The record makes clear that Segundo's trial counsel obtained the services of a mitigation specialist, fact investigator, and two mental-health experts. These experts and specialists conducted multiple interviews with

---

[8] We construe the district court as denying habeas relief on procedural grounds. The district court applied the two-prong *Martinez* test, determined that Segundo could not demonstrate cause for his default, found *Martinez* inapplicable and therefore held Segundo's claim procedurally defaulted, and declined to proceed to merits review. *See Reed v. Stephens*, 739 F.3d 753, 774 & n.11 (5th Cir. 2014) (denying a COA because petitioner failed to state a debatable IATC claim).

Segundo and his family, performed psychological evaluations, and reviewed medical records. Segundo claims that trial counsel failed to provide necessary social history, which would have changed the experts' conclusions that he is not intellectually disabled. But none of the experts retained by trial counsel indicated that they were missing information needed to form an accurate conclusion that Segundo is not intellectually disabled.[9] "Counsel should be permitted to rely upon the objectively reasonable evaluations and opinions of expert witnesses without worrying that a reviewing court will substitute its own judgment, with the inevitable hindsight that a bad outcome creates, and rule that his performance was substandard for doing so." *Smith v. Cockrell*, 311 F.3d 661, 676–77 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); *see Turner v. Epps*, 412 F. App'x 696, 704 (5th Cir. 2011) ("While counsel cannot completely abdicate a responsibility to conduct a pre-trial investigation simply by hiring an expert, counsel should be able to rely on that expert to alert counsel to additional needed information . . . .").

Given trial counsel's investigation and reliance on reasonable expert evaluations, Segundo cannot overcome the strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. Thus, we hold that Segundo fails to present a substantial IATC claim, resulting in the inapplicability of *Martinez*. And we conclude that there is no debatability of the underlying constitutional claim. Because reasonable jurists could not debate that Segundo's petition fails to state a valid claim, we deny a COA.

---

[9] In a post-judgment motion, Segundo brought to the district court's attention that Dr. Hopewell and Dr. Goodness had requested, at the outset, a social history from counsel. The district court, however, denied Segundo's motion because there is no indication that the experts believed themselves incapable of forming an opinion on his intellectual disability absent such evidence.