# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-70014

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2018

Lyle W. Cayce
Clerk

RAMIRO RUBI IBARRA,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:02-CV-52

Before JONES, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ramiro Rubi Ibarra was convicted of capital murder and sentenced to death. He is seeking a certificate of appealability ("COA") under 28 U.S.C. § 2254 from the district court's denial of relief on his *Martinez/Trevino* claims. For the reasons given below, we grant a COA on his ineffective assistance of counsel claim and deny his petition for a COA on his *Atkins* claim.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-70014

## I.     Background

The facts about the crime need not be recited again.    This court summarized the procedural history as follows:

> Petitioner's sentence and conviction were affirmed on direct appeal. *See Ibarra v. State of Texas*, 11 S.W.3d 189 (Tex.Crim.App.1999), *reh'g denied* (Dec. 8, 1999), *cert. denied*, *Rubi Ibarra v. Texas*, 531 U.S. 828, 121 S.Ct. 79, 148 L.Ed.2d 41 (2000). His first state habeas corpus petition was denied. *Ex parte Ibarra*, No. WR–48832–01 (Tex.Crim.App. Apr. 4, 2001). Petitioner then submitted his federal habeas petition, which was stayed while he exhausted additional state court claims pursuant to *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which banned the execution of the mentally retarded. His petition was stayed further while he pursued state court claims following President Bush's announcement that the United States would have state courts give effect to an International Court of Justice opinion declaring that Mexican nationals were entitled to review and reconsideration of their convictions due to states' failure to comply with the Vienna Convention on Consular Relations ("VCCR"). *See The Case Concerning Avena and Other Mexican Nationals (Mex. v. U.S.) ("Avena")*, 2004 I.C.J. 12 (Judgment of Mar. 31). See also *Medellin v. Texas*, 552 U.S. 491, 128 S. Ct. 1346, 170 L.Ed.2d 190 (2008).

> The Texas Court of Criminal Appeals remanded Petitioner's *Atkins* claim to the trial court for an evidentiary hearing. The trial court determined that Petitioner was not mentally retarded, and this holding was adopted on appeal by the Court of Criminal Appeals ("CCA"). In the same order, the CCA dismissed his separate petition for relief under *Avena* as a subsequent writ under Article 11.071, Section 5 of the Texas Code of Criminal Procedure. *Ex parte Ibarra*, Nos. WR–48832–02 and WR–48832–03, 2007 WL 2790587, (Tex.Crim.App. Sept. 26, 2007). Petitioner's application for certiorari on his *Avena* claim was denied. *Ibarra v. Texas*, 553 U.S. 1055, 128 S.Ct. 2475, 171 L.Ed.2d 770 (2008). A fourth state habeas petition, raising a claim under *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), was also dismissed by the CCA as a subsequent writ. *Ex parte Ibarra*, No. WR–48832–04, 2008 WL 4417283 (Tex.Crim.App. Oct. 1, 2008).

No. 17-70014

*Ibarra v. Thaler*, 691 F.3d 677, 680 (5th Cir. 2012) *vacated in part sub nom. Ibarra v. Stephens*, 723 F.3d 599 (5th Cir. 2013).

After Ibarra had finally exhausted his claims in the Texas courts, he argued eleven grounds for relief in the federal district court, all of which were rejected, and then sought a COA from this court on only three claims: *Atkins*, VCCR, and *Wiggins*.

Most pertinent to the instant motion, Ibarra contended that "his trial counsel was ineffective in his investigation, development, and presentation of mitigation evidence, as well as the development of rebuttal evidence for the state's aggravating factors at sentencing" in violation of the Sixth Amendment and *Wiggins*, 539 U.S. at 522-23, 123 S. Ct. at 2536. As noted above, the TCCA dismissed this petition as a subsequent writ. The district court rejected this claim for two independent reasons: (1) procedural default under then-governing precedent, and (2) alternatively, meritlessness, because Ibarra could not demonstrate prejudice. *Ibarra*, 691 F.3d at 683. This court held that reasonable jurists "could not disagree with the district court's conclusion that Petitioner's *Wiggins* claim was procedurally defaulted" and denied a COA. *Id.* at 685.

As to the *Atkins* claim, this court denied a COA on alternative grounds of procedural bar, non-exhaustion and meritlessness. The evidence Ibarra offered in state court included an unsworn, inadmissible expert witness statement concerning Ibarra's IQ; an investigative report about his alleged adaptive deficits; and the opinion of Dr. Mark, who after two examinations of Ibarra had found no evidence of mental handicap. The TCCA had rejected this claim on the merits. Ibarra consequently offered material new evidence in federal court, rendering his claim unexhausted and procedurally barred. Finally, reviewing the state court record, this court found it not debatable that

3

No. 17-70014

the state courts' rejection of the *Atkins* claim on the merits did not violate 28 U.S.C. § 2254(d)(1). *Ibarra,* 691 F.3d at 681-83.[1]

The Supreme Court then decided *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911 (2013). On a motion for rehearing, this court granted rehearing in part and vacated our initial decision "only to the extent inconsistent with *Trevino* and grant[ed] a COA only to that extent; in all other respects, the majority and dissenting opinions [of the prior opinion] remain[ed] in effect." *Ibarra*, 723 F.3d at 600. Judge Graves concurred in part and dissented in part.

Back in the district court, Ibarra moved to stay and remand so that he could pursue his ineffective assistance of counsel ("IATC") claim in state court. The district court denied this motion. The case was reassigned to Judge Pitman when Judge Smith retired. Ruling on a motion for rehearing of that order, Judge Pitman affirmed the denial and *sua sponte* held that a COA should not issue because Ibarra's IATC claim was not "substantial."

## II.    Standard of Review and Controlling Law

This court must first issue a COA, 28 U.S.C. § 2253(c)(1), a jurisdictional prerequisite to reviewing the district court's denial of habeas relief. *Miller-El v. Cockrell*, 537 U.S. 322, 323, 123 S. Ct. 1029, 1032 (2003). A COA may only be granted when the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* at 336, 123 S. Ct. at 1039 (internal quotation marks omitted). This standard means that the "petitioner must show that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[1] This court also denied COA on the VCCR claim, a holding that has not been challenged.

presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotation marks omitted).

*Martinez v. Ryan* held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. 1, 17, 132 S. Ct. 1309, 1320 (2013). This principle was extended to Texas in *Trevino*. 569 U.S. at 429, 133 S. Ct. at 1921. Such a "substantial claim" constitutes "cause" for the procedural default, but, in line with traditional precedent, the petitioner must also prove that he suffered "prejudice" from counsel's errors. *Martinez,* 566 U.S. at 10, 132 S.Ct. at 1316 (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546 (1991)). A "substantial" claim is one that has "some merit." *Martinez*, 566 U.S. at 14, 132 S. Ct. at 1318. An insubstantial claim is one which "does not have any merit" or "is wholly without factual support." *Id.* at 15-16, 132 S. Ct. at 1319. The standard for evaluating an ineffective assistance of counsel claim is given in *Strickland*, which states the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. 2064. The State succeeds in establishing procedural default if the IATC claim is insubstantial, or the initial habeas attorney was not constitutionally ineffective, or Ibarra has not proved sufficient prejudice to overcome his procedural default. *Martinez*, 566 U.S. at 15-16, 18, 132 S. Ct. at 1319, 1321.

## III.   Analysis

Ibarra's motion for COA asserts that reasonable jurists could debate the district court's conclusions that his IATC claim lacked merit, his initial state

habeas counsel was constitutionally deficient for not raising that claim, and his *Atkins* claim may also be re-reviewed by this court.

## A.

Ibarra argues trial counsel were ineffective for failing to investigate and present additional mitigating evidence about Ibarra's background.  He argues that a "thorough background investigation" would have uncovered:

> (1) Ibarra's extreme childhood impoverishment to the point of malnourishment and living conditions far more dire than "humble;" (2) extreme physical and emotional abuse perpetrated against Ibarra as a child by his father; (3) Ibarra's witnessing extreme physical and emotional abuse perpetrated against loved ones by his father as a child; (4) Ibarra's attempts to care for and protect his siblings from their poverty and from their father's abuse;    (5) Ibarra's    significantly    subaverage    intellectual functioning; (6) Ibarra's developmental intellectual disability; and (7) Ibarra's development of severe post-traumatic stress disorder as a result of his experiencing and witnessing the extreme violence perpetrated by his father throughout his childhood and experiencing the near deaths and deaths of family members due to their extreme poverty.[2]

Ibarra argues that trial counsels' failure to present this evidence prejudiced him at the sentencing stage.

In *Buck v. Davis*, the Supreme Court cautioned this court that a COA determination "is not coextensive with a merits analysis."  127 S. Ct. 759, 773 (2017).   At this stage, we only consider whether Ibarra's claim is debatable. *See id.* at 774.  We find that it is.  Because Ibarra's original IATC claim is debatable, we also find that it is debatable whether his initial habeas counsel

---

[2] Ibarra contends that the district court was obliged to hold an evidentiary hearing on his *Martinez* claim, but circuit precedent does not support such a requirement.  *Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016).

No. 17-70014

was ineffective for not pursuing this claim.  Therefore, we grant a COA on this issue.

## B.

Ibarra argues that he is entitled to a COA on his *Atkins* claim consistent with our COA on rehearing.  Reasonable jurists could not debate the district court's rejection of this argument.  This court denied a COA on the *Atkins* claim, *see Ibarra,* 691 F.3d at 682-83, and made clear that the order granting COA in light of *Trevino* did not affect this portion of our ruling.  *See, e.g., Ayestas v. Stephens,* 817 F.3d 888, 889 (5th Cir. 2016) (remand order after *Trevino* did not leave open any matter other than the defaulted IATC claim).[3] Nothing in that order suggests that the *Atkins* claim was within the scope of remand.

Ibarra alternatively contends that *Martinez* and *Trevino* should be extended to cover *Atkins* claims.  He states that *Davila v. Davis*, 137 S. Ct. 2058 (2017) supports his assertion.  He also argues that he should be able to pursue this claim because *Moore v. Texas*, 137 S. Ct. 1039 (2017), is retroactive and provides an exception to the Section 28 U.S.C. 2254(d)(1) relitigation bar and law of the case.  We need not consider the debatability of these issues because reasonable jurists could not debate that Ibarra's underlying *Atkins* claim, as presented to the state courts, has no merit.  Even if *Moore* applied to this case, it would not benefit Ibarra because, although explicitly given a fair opportunity to present an *Atkins* claim, his counsel, who continue to represent

---

[3] The dissenting opinion appears to argue that the *Martinez/Trevino* holdings may be extended to Ibarra's second state postconviction proceeding, which explicitly considered his *Atkins* claim on the merits.  Thus, are we to infer that Ibarra's counsel must have been ineffective in that proceeding, and they, the same attorneys, can relitigate de novo their *Atkins* claim in federal court?  This would be a significant extension of *Martinez/Trevino*. Together, those cases hold only that a claim of ineffective assistance of state trial counsel is not procedurally defaulted (or the default can be overcome) if the state habeas counsel was ineffective for failing to raise trial counsel's ineffectiveness in the state habeas court.

him to this day, failed to offer admissible evidence of intellectual disability in the state court. Ibarra argues that this court should consider evidence that he did not present in state court. Under *Cullen v. Pinholster*, 563 U.S. 170, 181-82, 131 S. Ct. 1388, 1398 (2011), this is impermissible.[4]    As this court previously held, Ibarra presented "essentially no supporting evidence" of intellectual disability in state court. *Ibarra*, 691 F.3d at 681-82. Accordingly, a COA on this claim must be denied.

We **GRANT** a COA on Ibarra's post-*Trevino* defaulted IATC claim. Counsel will proceed to file briefs as instructed by the clerk's office. However, in light of the substantial briefing we have already received concerning the COA, counsel are authorized to supplement the COA briefing as appropriate and may cross reference their COA briefs. We also hold that reasonable jurists could not debate the district court's refusal on remand to consider Ibarra's *Atkins* claim. We therefore **DENY** his application for a COA on his *Atkins* claim.

---

[4] To allow such relitigation with counsel's newly proffered evidence would effect a complete end run around the state court system and would violate AEDPA specifically. 28 U.S.C. § 2254(e)(2). Although the dissenting opinion quotes this provision, Ibarra never attempted to show that this provision's stringent test for de novo review in federal court has been met. To begin, the *Atkins* issue was well known (not "previously unavailable") to these counsel when they represented Ibarra in the state court system. The factual predicate for his *Atkins* claim could have been timely prepared for the state habeas hearing on the merits. And counsel have never attempted to demonstrate that the facts underlying Ibarra's alleged mental disability can be established by clear and convincing evidence, as that provision requires.    Holding that reasonable jurists could debate a potential extension of *Martinez/Trevino* under these circumstances is plainly at odds with AEDPA as well as *Cullen v. Pinholster*, *supra*.

No. 17-70014

JAMES E. GRAVES, JR., Circuit Judge, dissenting in part:

I concur with the majority in granting a certificate of appealability (COA) on Ramiro Rubi Ibarra's ineffective assistance of counsel claims. However, because I would also grant a COA on Ibarra's claim under *Atkins v. Virginia*, 536 U.S. 304, 321 (2002), I respectfully dissent in part.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a COA should issue when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Ibarra must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Further, "any doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner." *Pippin v. Dretke*, 434 F.3d 782 (2005).

Ibarra was originally sentenced prior to *Atkins*. He later had an *Atkins* hearing. This court previously considered Ibarra's claims based on what was presented by counsel who was arguably ineffective, noting that "[a]t the state court evidentiary hearing regarding his *Atkins* claim, he presented essentially no supporting evidence." *Ibarra v. Thaler*, 691 F.3d 677, 681 (5th Cir. 2012). Although Ibarra's counsel attempted to introduce an expert affidavit in state court, it was found to be inadmissible because it was not notarized. *Id.* at 682. Counsel then attempted to introduce a notarized affidavit in federal court, but the district court found that it was procedurally barred under 28 U.S.C. § 2254(b) for failure to exhaust in state court. This court later acknowledged that the disallowed evidence was "essential to his claim of mental retardation." *Id.* The majority then agreed that the district court "properly disregarded this newly proffered evidence" as procedurally barred. The majority also purported to find, in the alternative, that the district court properly found that Ibarra's

claim had no merit based on the state court record, despite acknowledging that "[c]ritically, the record before the state court hearing Ibarra's claim of mental retardation did not include the expert affidavit that could have served as some evidence of his sufficiently low IQ." *Id.* The record also did not include mitigation evidence that would have provided additional insight into both Ibarra's intellectual disability and his adaptive skills deficits. If trial counsel was ineffective in failing to present evidence of intellectual disability or adaptive skills deficits for purposes of mitigation at sentencing, then that necessarily affected the outcome of Ibarra's *Atkins* claim.[1]

Ibarra has evidence that his full scale IQ is 65, well within the intellectually disabled range, that he suffered intellectual deficits throughout his childhood, and of his adaptive skills deficits. Ibarra has an expert affidavit from Dr. Carol Romey concluding that he is intellectually disabled. Ibarra asserts that Dr. Stephen Mark was not even hired until after voir dire in his trial had already begun. Further, Mark was not provided relevant social history information, failed to do necessary intellectual functioning testing of Ibarra, and did not speak Spanish, Ibarra's only language. Ibarra argued in his application for a COA that his trial counsel was ineffective for failing to investigate and present mitigation evidence relevant to his *Atkins* claim and that the state court process was blatantly unfair for various reasons, including the denial of adequate funding. To the extent that any failure to perform necessary investigation or to present adequate evidence in state court was the result of ineffective assistance of counsel, Ibarra is entitled to present his *Atkins* claim.

---

[1] This is not an argument about Ibarra's second state post-conviction proceeding. But even if that were the case, the majority explicitly ignores the relevant authority that would allow Ibarra to overcome any procedural default, as well as the application of the fundamental miscarriage of justice provision.

No. 17-70014

As the majority acknowledges, under *Buck v. Davis*, 137 S.Ct. 759 (2017), Ibarra is not required to prove his claims on the merits. "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 773.

The majority faults Ibarra's counsel "who continue to represent him to this day" for failing to offer admissible evidence of intellectual disability in state court. However, Ibarra's current counsel did not represent him at trial, on appeal, or in his "initial-review collateral proceedings." *Martinez*, 566 U.S. at 9. Moreover, the arguable ineffectiveness of Ibarra's previous counsel is the reason he benefits from the equitable ruling in *Martinez*. The majority cites *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011), for the proposition that evidence of intellectual disability may not be considered unless it was presented in state court. While that typically may be the rule, *Pinholster* is distinguishable because the court concluded that the defendant was unable to demonstrate either prong of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 686-92 (1984). *Pinholster*, 563 U.S. at 194-201. Significantly, the court also acknowledged that "state prisoners may sometimes submit new evidence in federal court," although AEDPA discourages it. *Id.* at 186.

AEDPA includes a provision for the introduction of new evidence in federal court. 28 U.S.C. § 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--

No. 17-70014

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Additionally, binding precedent allows a petitioner to overcome procedural defaults and introduce new evidence in certain instances. *See Morris v. Dretke*, 379 F.3d 199, 205 (5th Cir. 2004) (Exhaustion may be excused.); *see also Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001) (Petitioner may overcome a procedural default and "obtain federal habeas corpus review of his barred claims on the merits, if he can demonstrate cause for the defaults and actual prejudice."); and *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000) (Petitioner can overcome procedural default if "failure to consider the claims will result in a fundamental miscarriage of justice"). These cases rely on *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), where the United States Supreme Court said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750.

No. 17-70014

Under this relevant authority, Ibarra is arguably able to overcome the procedural default for failure to exhaust and obtain federal habeas review of his barred claims. Ibarra can arguably demonstrate cause for the defaults and actual prejudice. More importantly, failure to consider the claim would result in a fundamental miscarriage of justice if an intellectually disabled man were to be unconstitutionally executed.

However, on remand after the United States Supreme Court's decision in *Trevino v. Thaler*, 569 U.S. 413 (2013)[2], the district court did not discuss Ibarra's *Atkins* claim, finding that it was not within the scope of this court's remand order. That finding was the result of the majority's inclusion of language on remand limiting Ibarra's claims of ineffective assistance of counsel with regard to issues on which the majority had previously denied his COA. *Ibarra v. Stephens*, 723 F.3d 599, 600 (5th Cir. 2013). I dissented to the inclusion of any such language on the basis that Ibarra was not foreclosed from raising his ineffective assistance of counsel claims on those issues. *Id.* (Graves, J., dissenting in part) ("Simply put, the trial court is free to determine whether or not evidence related to these issues is relevant to any claim of ineffective assistance of counsel, and is likewise free to determine if any ineffective assistance affects the merits of these issues or any procedural default."). I continue to conclude that Ibarra is not foreclosed from presenting his *Atkins* claim to the extent that it is encompassed within *Trevino/Martinez*.

For the reasons stated herein, jurists of reason could find debatable the disposition of Ibarra's *Atkins* claim. Because I would grant a COA on Ibarra's *Atkins* claim to the extent that it is encompassed within *Trevino/Martinez*, I respectfully dissent in part.

---

[2] In Trevino, the Supreme Court vacated this court's judgment that Martinez v. Ryan, 566 U.S. 1 (2012), did not apply to Texas. In Ibarra's case, the majority likewise concluded that Martinez did not apply to Texas, thus, necessitating remand.