# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11265

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

In re:  JUAN RAMON MEZA SEGUNDO,

Movant

------------------------------------------------------------
consolidated with 18-70029

JUAN RAMON MEZA SEGUNDO

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTION DIVISION,

Respondent - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-970

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Juan Segundo was sentenced to death for breaking into eleven-year-old
Vanessa Villa's bedroom, raping, and strangling her. Segundo appeals the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-11265 c/w
No. 18-70029

district court's order treating his Rule 60(b) motion as a successive application for *habeas* relief and transferring it to this court. Finding his arguments unpersuasive, we AFFIRM.

## FACTS AND PROCEEDINGS

A Texas jury convicted and sentenced Segundo to death for the capital murder of Vanessa Villa. Eventually Segundo filed a petition for federal *habeas* relief. The district court denied relief. This court denied a COA. *Segundo v. Davis*, 831 F.3d 345 (5th Cir. 2016). The Supreme Court denied Segundo's petition for *certiorari*. *Segundo v. Davis*, 137 S. Ct. 1068 (2017).

Segundo filed a motion for relief from judgment in the district court, pursuant to Federal Rule of Civil Procedure 60(b). The district court held that Segundo's motion constituted a successive *habeas* petition and transferred it to this court. In the alternative, the district court found that if Segundo's motion constituted a Rule 60(b)(6) motion, it would not be granted. It is this decision that Segundo appeals.

## STANDARD OF REVIEW

"We review a district court's determination as to whether a Rule 60(b) motion constitutes a second-or-successive habeas petition *de novo*." *In re Edwards*, 865 F.3d 197, 202–03 (5th Cir. 2017) (*per curiam*).[1]

## DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Besides identifying such a non-merits-based mistake, a

---

[1] Both parties describe our *Edwards* holding as an unpublished order. Though we initially released it as an unpublished opinion, we designated it for publication shortly thereafter.

movant is required "to show extraordinary circumstances justifying the reopening of a final judgment." *Id.* at 535 (internal quotation omitted). But "[u]sing Rule 60(b) to present new claims for relief[,] . . . even claims couched in the language of a true Rule 60(b) motion[,] . . . circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531. So, a "federal court examining a Rule 60(b) motion should determine whether it . . . presents a new habeas *claim* (an asserted federal basis for relief from a state court's judgment of conviction) . . . . If the Rule 60(b) motion does . . . then it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions." *Edwards*, 865 F.3d at 203–04 (internal quotations omitted).

The district court examined Segundo's claims and concluded that "[a]lthough Segundo's motion is couched in terms of Rule 60(b), it is actually a successive habeas petition" because it raises and extensively briefs various substantive claims related to ineffective assistance of counsel. On appeal, Segundo contends that the district court misconstrued his motion. He maintains that he has properly identified one non-merits-based defect in the integrity of the federal *habeas* proceedings—the use of an erroneous legal standard to deny him services guaranteed by 18 U.S.C. § 3599. All of the additional issues raised in his motion are, according to Segundo, "extraordinary circumstances" justifying the reopening of the proceedings.

This is a clever argument because if we accept it, it would allow *habeas* petitioners to shoehorn all of their merits-based arguments into a Rule 60(b) motion. And courts would be forced to delve into those arguments to evaluate whether they constitute "extraordinary circumstances." But neither our caselaw nor prudence support such an approach.

3

No. 18-11265 c/w
No. 18-70029

For example, *Gonzalez* approvingly notes that where a petitioner conceals merits-based claims behind straightforward, valid claims, "[v]irtually every Court of Appeals . . . has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." 545 U.S. at 530–32. And we have repeatedly applied this principle to identify all of the claims raised in a particular petition and classify that petition accordingly—as a Rule 60(b) motion or successive *habeas* petition. *See e.g.*, *In re Coleman*, 768 F.3d 367, 371–72 (5th Cir. 2014) (*per curiam*); *Runnels v. Davis*, No. 17-70031, 2018 WL 3913662, at *6–7 (5th Cir. Aug. 14, 2018); *In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014).

The district court carefully demonstrated that several of the so-called "extraordinary circumstances" identified by Segundo were actually successive *habeas* claims. In particular, Segundo's motion briefly discusses the supposed non-merits-based defect remediable under Rule 60(b) and then extensively raises and relitigates ineffective assistance of counsel claims of various sorts. As the district court rightly observed, "[t]he motion . . . seeks to present new evidence and new theories of ineffective assistance of counsel that constitute new claims." Labeling these claims "extraordinary circumstances" does not conceal their true identity.

Segundo claims that the recent Supreme Court opinion in *Buck v. Davis* adopts an approach allowing petitioners to obtain review of claims that would otherwise be classified as successive by referring to them as "extraordinary circumstances." But *Buck* does no such thing. Instead it appears to stand only for the proposition that the "infusion of race as a factor for the jury" can be itself "extraordinary" in "nature." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017). Indeed, Justice Thomas was correct to note that the opinion in *Buck* does not announce "any new principles of law[,] . . . leav[ing] untouched . . . established

principles governing . . . Rule 60(b)(6) motions." *Id.* at 786 (Thomas, J., dissenting).

Accordingly, we have continued to carefully police purported Rule 60(b) motions for signs that they are successive *habeas* petitions in disguise. *See e.g.*, *Haynes v. Davis*, 733 F. App'x 766, 769 (5th Cir. 2018) ("[W]hile the viability of a petitioner's underlying constitutional claim may be tangentially relevant to the Rule 60(b) analysis, the Rule may not be used to attack the substance of the federal court's resolution of a claim *on the merits*." (internal citations and quotations omitted)).

For example, in *Preyor v. Davis* we considered a Rule 60(b) motion that was similar to Segundo's. 704 F. App'x 331 (5th Cir. 2017) (*per curiam*). Preyor, like Segundo, argued "that the fact that his motion identified a compelling . . . claim of [ineffective assistance of counsel] does not make the motion a successive petition, because it did so only to demonstrate why the court's equitable intervention is appropriate." *Id.* at 339. But because, as here, that "compelling" claim was the focus of the motion, and reopening the proceedings to relitigate it is the clear objective of the filing, we held that "reasonable jurists would not find debatable the . . . determination that [the] Rule 60 motion should be treated as a successive habeas petition." *Id.* at 340. We see no reason to stray from this approach and consequently affirm the district court.[2]

---

[2] The parties have briefed several additional issues related to the propriety of the district court's alternative holdings. But since the classification of Segundo's motion as a successive petition is jurisdictional, we need not discuss them.

No. 18-11265 c/w
No. 18-70029

**CONCLUSION**

For the foregoing reasons, the district court's decision to treat Segundo's Rule 60(b) motion as a successive *habeas* petition and transfer it for want of jurisdiction is AFFIRMED.[3,4]

---

[3] Because the district court's decision to transfer Segundo's motion for want of jurisdiction was proper, Segundo was free to seek authorization to proceed, as a successive petition. However, when this court scheduled briefing on that question, Segundo declined to proceed, indicating that he is "not seeking authorization to file a successive petition" and does not "anticipate filing a separate motion for authorization" as would be required. For this reason, the transferred petition has been abandoned and consequently the appeal is DISMISSED.

[4] The district court also transferred Segundo's motion for a stay of execution. However, the Texas Court of Criminal Appeals stayed Segundo's execution on October 5, 2018, mooting the issue before this court. Consequently, the motion for a stay is DENIED.