# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2024

Lyle W. Cayce
Clerk

No. 24-70001

Bartholomew Granger,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-291

Before Stewart, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Bartholomew Granger seeks a certificate of appealability to address three distinct issues related to his trial counsel's allegedly ineffective assistance while Granger was on trial for capital murder. The application for certificate of appealability is DENIED.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-70001

## I. Factual Background

Bartholomew Granger was convicted of capital murder and sentenced to death for the March 14, 2012 killing of Minnie Ray Sebolt. At the time of the murder, Granger was on trial in Jefferson County, Texas for sexual assault of a child—his then-20-year-old daughter, Samantha Jackson. Samantha and her mother, Claudia Jackson, testified against Granger on Tuesday, March 13, and Samantha's cross-examination was set to begin the next day, March 14. Rebecca Richard, Granger's estranged wife, was also set to testify on March 14. Granger arrived at the courthouse early that day, and when Samantha, Claudia, and Rebecca approached the courthouse, Granger began shooting at them with a semi-automatic rifle. Both Samantha and Claudia were shot, but luckily survived. However, two bystanders, Sebolt and Leslie King, were also shot, and Sebolt died at the scene. Law enforcement officers responded quickly, and they shot and wounded Granger as he returned to his truck. Granger fled the scene, later abandoning his truck and taking hostages in a nearby business. Eventually, the hostages overpowered him, and Granger was taken into custody.

At trial, Granger testified during both the guilt and punishment phases. He admitted to shooting Samantha, but denied causing Sebolt's death or any other person's wounds. He claimed he had not shot in the direction of the courthouse at all. The main issue at the guilt phase of trial was thus the ballistics evidence—namely, whose bullets hit and ultimately killed Sebolt: Granger's or the officers'? The jury found Granger guilty of capital murder.

At the punishment phase of trial, the State focused on evidence of Granger's future dangerousness. In response, the defense presented nine witnesses, including Granger's own testimony, to mitigate punishment. Shockingly, during his testimony, Granger stated that he wanted the death

penalty, and during the State's closing arguments, Granger wrote "Death" on a legal pad and showed it to the jury. Granger was sentenced to death for capital murder.

## II. Procedural Background

The Texas Court of Criminal Appeals ("TCCA") affirmed Granger's sentence and conviction on direct review. Granger did not seek certiorari review. While the direct appeal was pending, Granger filed a state habeas application, raising ten claims for relief, which the trial court recommended denying. The TCCA subsequently denied relief based on the trial court's findings and its own independent findings. The Supreme Court declined certiorari review. Thereafter, Granger turned to the federal district court and filed an initial habeas petition, then an amended petition raising twenty claims for relief. Granger then filed a motion to stay so that he could exhaust twelve claims in state court. Granger returned to state court to file a subsequent state habeas application, and the TCCA dismissed the application as an abuse of the writ without considering the merits. Back in federal court, Granger filed his second amended petition. The district court denied habeas relief, holding that most of Granger's claims were procedurally barred.[1]

## III. Standard of Review

"Until the prisoner secures a [certificate of appealability], the court of appeals may not rule on the merits of his case." *Buck v. Davis*, 580 U.S. 100, 115 (2017). The certificate "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28

---

[1] Of the issues presented by Granger on appeal, only one was procedurally proper and therefore considered on the merits by the district court—issue (2) below, concerning mitigation evidence.

U.S.C. § 2253(c)(2)). This requires the applicant to "show[] that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). This standard applies to both merits and procedural rulings. *Id.* at 122. If procedural, there are two requirements— "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Our court reviews "the district court's findings of fact for clear error and its conclusions of law de novo." *Dorsey v. Stephens*, 720 F.3d 309, 314 (5th Cir. 2013). "This court 'will not disturb a district court's factual findings unless they are implausible in light of the record considered as a whole.'" *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019) (quoting *Wiley v. Epps*, 625 F.3d 199, 213 (5th Cir. 2010)).

## IV. Analysis

Granger raises three issues in his application for a certificate of appealability, each dealing with the allegedly ineffective assistance of trial counsel: (1) whether trial counsel performed ineffectively at voir dire by failing to inquire of and exclude three unqualified jurors; (2) whether trial counsel performed ineffectively by failing to develop and present mitigating evidence; and (3) whether trial counsel performed ineffectively at the guilt phase with regard to the ballistics evidence. The State argues that issues (1) and (3) are procedurally barred and that issue (2), while adjudicated, lacks merit. We agree with the State as to each issue, and hold that Granger has failed to show that "jurists of reason could disagree with the district court's resolution" of his claims. *Miller-El*, 537 U.S. at 327.

As for issue (1), Granger argues his trial counsel performed ineffectively by failing to conduct an adequate voir dire and exclude three jurors who had experienced violence similar to the kinds at issue in the trial. Juror Billie Rae Gillas reported child molestation by a stepfather; Juror Lynn Rivera reported witnessing a friend's sexual assault and undergoing a hostage experience; and Juror Natalie Beard reported a friend's grandmother being murdered. Granger argues that, by failing to exhaust his peremptory challenges and allowing these jurors to remain on the panel without more extensive questioning, trial counsel performed deficiently on Granger's behalf, in a manner that prejudiced Granger's defense.

The district court concluded that this claim was procedurally defaulted because it was omitted from the initial state habeas proceeding and denied as abusive in the successive state habeas proceeding. The district court further held that the claim was entirely without merit because the jurors did not express fixed opinions or unequivocal statements that they could not serve fairly and impartially. We agree with the district court, and hold that reasonable jurists would not find the district court's assessment of the constitutional claim debatable or wrong. Jury selection relies heavily on a lawyer's intuition and experience, and trial counsel's actions during voir dire are a matter of trial strategy. *See Romero v. Lynaugh*, 884 F.2d 871, 878 (5th Cir. 1989); *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). This issue turns on whether the jurors were actually biased, and based on the record, it does not appear that any of the three jurors exhibited bias such that they could not render an impartial verdict. As noted by the State, each of the three jurors unequivocally stated that she could serve fairly and impartially. Absent any bias, then, trial counsel was left to make strategic decisions as to which individuals in the venire would be the best jurors for his client. That strategic decision should be protected here. And as for the procedural default, we agree with the State that no reasonable jurist would find that Granger

adequately excused his default. Further, because jurists of reason could not debate Granger's claims, *Buck*, 580 U.S. at 115, Granger cannot prove his state habeas counsel was ineffective for failing to raise the claim. *See Segundo v. Davis*, 831 F.3d 345, 350–51 (5th Cir. 2016).

As for issue (2), Granger argues that trial counsel performed ineffectively by failing to investigate, develop, and present readily available mitigation evidence, including Granger's background and evidence of brain damage, which would have directly impacted Granger's sentence. In response, the State highlights Granger's acknowledgment that most of what he claims should have been investigated and presented was, in fact, investigated and presented. Instead, Granger alleges that the evidence was unreasonably curtailed by trial counsel, and counsel unreasonably chose not to call his mitigation investigator as a witness or present her evidence.

The district court first consolidated two different claims into one on this issue, treating ground six and ground seven as a single, adjudicated claim. As a result, the district court refused to consider new evidence presented for the first time in federal court. We agree with the State that no reasonable jurist would find the district court's decision to treat this as a single claim was debatably wrong. And precedent dictates that a federal habeas court may only rarely consider evidence not presented to a state habeas court—this is not one of those rare instances. *See Shinn v. Ramirez*, 596 U.S. 366, 375–76 (2022). The district court's review was therefore appropriately limited to the state court record for the initial state habeas petition here. As to the merits, no reasonable jurist would debate the district court's determination that the state court's adjudication of the mitigation claim was reasonable. While trial counsel has a duty to make reasonable investigations for mitigation purposes, strategic decisions made after thorough investigation are "virtually unchallengeable" because they rely entirely on professional judgment and require a heavy measure of deference. *See Strickland v. Washington*, 466 U.S.

668, 690 (1984). Counsel here conducted a thorough investigation of Granger's life and then, at trial, chose to focus on Granger's nonviolent past and minimal future dangerousness, through nine different witnesses. Counsel also included extensive evidence of Granger's social history and background, while avoiding claims that Granger was insane or mentally ill, again for strategic purposes. The decision not to call certain doctors was "based on the situation that had developed" at trial. The state court reasonably concluded that the failure to call an expert witness had a plausible basis, and Granger failed to show deficiency in trial counsel's performance.

As for issue (3), Granger argues that trial counsel was ineffective in the handling of the ballistics evidence, which could have created reasonable doubt as to Granger's guilt. Granger argues that his counsel failed to point out the four unidentified bullet fragments recovered near where Sebolt was killed; allowed defense's ballistic expert to testify, contrary to the State's own expert, that the fatal bullet actually came from Granger's direction; and failed to prepare one witness, Dr. Grossberg, to testify, such that his testimony was adverse to Granger on the sole issue in dispute.

The district court found that this claim was procedurally barred and without merit. As to the procedural default, it is clear that Granger did not raise the claim properly in the state habeas proceeding, and therefore, any new evidence cannot be considered. *See, e.g.*, *Harper v. Lumpkin*, 64 F.4th 684, 693–94 (5th Cir.), cert. denied, 144 S. Ct. 429 (2023). Further, the district court correctly determined that state habeas counsel could not be ineffective for failing to raise a claim that no jurist of reason would find debatable. *Buck*, 580 U.S. 100 at 115; *see, e.g.*, *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013). As to the merits, while Granger focuses on the direction of the bullet that killed Sebolt, the State points out that its entire argument on this issue at trial focused on testimony that none of the officers began shooting until Granger was already back by his truck and Sebolt was

already down. And the district court pointed to extensive evidence in the record supporting the State's theory. The district court's determination that no amount of evidence regarding the bullet's *trajectory* could overcome the *temporal* evidence was not unreasonable. Even so, Granger's trial counsel still produced the evidence Granger argues was necessary in this appeal—namely, counsel called Dr. Grossberg to raise a reasonable doubt as to the State's ballistic evidence based on entrance and exit wounds. No reasonable jurist would debate that Granger failed to show deficiency, where trial counsel called various witnesses and elicited testimony in an attempt to raise doubt as to the ballistics evidence.

## V. Conclusion

For the foregoing reasons, the application for certificate of appealability is DENIED.